## GEORGIA SOUTHERN & FLORIDA RY. CO. *v.* JOSSEY.

When a baggage-master on a railroad-train has been intrusted with a trunk to be delivered to the company's agent at a certain station on its road and negligently carries the same beyond this point and delivers it, in the exercise of his own discretion and without authority of the company, to its agent at another station to be returned to the proper place, such baggage-master is liable to the company for the loss it sustained in consequence of the trunk being stolen from the custody of such agent.

Argued June 10, — Decided July 28, 1898.

Complaint—appeal.    Before Judge Felton.    Bibb superior court.    November term, 1897.

*Hall & Hardeman* and *Smith & Jones,* for plaintiff in error. *R. K. Hines* and *Guerry & Hall,* contra.

Cobb, J.    Jossey sued the Georgia Southern & Florida Railway Company upon an account for services rendered as baggage-master and flagman.    The defendant admitted that it became indebted to the plaintiff as alleged, but pleaded as a set-off that plaintiff was due it a sum larger than the amount sued for, by

reason of the fact that while in the employment of the defendant as baggage-master, plaintiff was intrusted with the trunk of a passenger to be delivered at Sparks, a place on the defendant's line of road, and by reason of his negligence the trunk was not delivered at Sparks, but was carried on and left at another station, where it was stolen, and the defendant became liable to the passenger for the value of the trunk, and that defendant had paid in discharge of that liability the amount pleaded as a set-off. It appears from the evidence, that Sparks is a station on the defendant's railway situated between Cordele and Valdosta, and that there are several stations between Sparks and Valdosta. The trunk was delivered to the plaintiff at Cordele, and it was his duty to deliver it at Sparks. He failed to do this, according to his own admission, by mistake, and carried it to Valdosta, where he delivered it to the agent of the railway company. The trunk was left upon the platform of the depot and was stolen, and the company was compelled to pay to the passenger its value. It was admitted at the trial that the company had rendered itself liable to the passenger, and that the amount of the set-off was the amount which had been paid by it to the passenger. There was no evidence going to show that the baggage-master had authority to deliver baggage to any other agent than the one in charge at the place at which the baggage ought to have been delivered, or that he had authority to deliver it at any other place. There was no evidence, either of a rule of the company or of a custom so well established as to be binding upon the railroad, authorizing baggage-masters who have carried baggage beyond its destination to deliver the same to depot-agents along the line of road at other places than where the baggage should have been left. The case, therefore, narrows itself down to one where it was the duty of the baggage-master to deliver the trunk at a certain station, which he negligently failed to do; and in consequence of its being left by him at a place at which he was not authorized to deliver it, the baggage was lost, and the railway company sustained damage.

The baggage-master, being an agent for hire, was bound to exercise about the duties of his position that ordinary care and diligence required of a bailee for hire. Civil Code, § 3009. If

the baggage-master had delivered the baggage at the station to which it was checked, he would have fully discharged his duty and would have been relieved from all liability. His negligent failure to do this left the baggage in his possession to be taken care of by him at his own risk. He was bound to exercise ordinary care to see that the baggage was not lost. When he delivered it to the agent of the railway company at Valdosta, who was not authorized to receive the same in behalf of the railway company, this person became his agent, and he became liable for the negligence of such agent. The gross negligence of the agent at Valdosta in allowing the baggage to remain in an unprotected and exposed condition and its consequent loss rendered the baggage-master liable. The principal, the railway company, having been required, on account of the negligent conduct of the baggage-master and his agent, to indemnify the passenger against loss on account of the theft of the baggage, was entitled to reimbursement at the hands of the baggage-master for the amount which it had paid out. Judge Story in his work on Agency, in dealing with this subject, says: "Wherever an agent violates his duties or obligations to his principal, whether it be by exceeding his authority or by positive misconduct, or by mere negligence or omission in the proper functions of his agency, or in any other manner, and any loss or damage thereby falls on his principal, he is responsible therefor, and bound to make a full indemnity. In such cases, it is wholly immaterial whether the loss or damage be direct to the property of the principal, or whether it arise from the compensation or reparation, which he has been obliged to make to third persons in discharge of his liability to them for the acts or omissions of his agent. The loss or damage need not be directly or immediately caused by the act which is done, or is omitted to be done. It will be sufficient if it be fairly attributable to it, as a natural result, or a just consequence." Story, Ag. (9th ed.) § 217 (c), p. 259. See also Wood's M. & S. (2d ed.) § 325; Smith v. Foran, 43 Conn. 244. It being admitted that the railway company was rendered liable by the loss of the trunk, and the evidence in the present record clearly showing that the baggage-master (whose conduct may be treated as a violation of his contract to faith-

fully perform the duties incident to his employment) failed to deliver the baggage at the station at which it was his duty to deliver it, and there being no evidence that under such circumstances he had authority, either by rule of the company, or a well-established custom, to deliver to any other agent of the company, a verdict in favor of the plaintiff, finding against the plea of set-off, was contrary to law and should have been set aside.

*Judgment reversed. All the Justices concurring.*