43769. CENTRAL OF GEORGIA RAILWAY COMPANY
v. LESTER et al.
43770. DILLARD et al. v. LESTER et al.

ARGUED JULY 1, 1968—DECIDED NOVEMBER 1, 1968—
REHEARING DENIED DECEMBER 6, 1968—

*Shoob, McLain & Jessee, C. James Jessee, Jr., Fortson, Bentley & Griffin, Edwin Fortson, Erwin, Birchmore & Epting, Eugene A. Epting,* for appellants.

*Hudson & Stula, Jim Hudson,* for appellees.

FELTON, Chief Judge. ■ The plaintiff's action is predicated upon the defendant's alleged negligence with respect to the door's (a) defective condition and (b) defective design. The deposition and affidavits on file show no evidence that the particular door in question was in a defective condition. All of the statements concerning its condition amount to mere conjecture and opinion, since no one claimed to have observed the allegedly defective condition prior to the door's fall. It appears that this was a fresh boxcar of sand which had just arrived the night before the accident and had not been opened. Evidently the door was operating at least properly enough at the time it was loaded to get it closed. The fact that it resisted manual opening is not evidence of any defective condition, since this was caused by the loose sand around the bottom of the door—a condition which was apparently very common. Nor does the fact that such doors were frequently or even customarily opened in the manner employed at the time of the accident indicate that this particular door must have been defective. There must always be a first time for any occurrence. Apparently, the various factors involved—such as, the angle of the board, the amount and distribution of sand around the door, the degree of the impact against the door, for examples—here combined to derail the door, where they had not previously done so. There was testimony that the method employed was not that for which the door was designed and that it could and did cause it to fall off. The defendant was under no duty to redesign its doors to adapt

them to a means of opening of which it did not approve and of which it may not even have had knowledge. Neither would it be required to notify each and every actual and potential opener of the doors of the proper method of opening stuck doors. Anyone using force to open such doors, rather than first consulting with the defendant's agents, to obtain either their permission or their assistance, must be considered as acting at his own peril.

The pleadings, together with the deposition and affidavits filed, exclude any negligence on the part of the defendant as the proximate cause of the plaintiff's injuries; therefore, the court erred in its judgment overruling the defendant's motion for summary judgment.

■ The cross appeal raises the question of whether or not the third-party complaint stated a claim against the third-party defendants. As this apparently is a case of first impression in our State courts, we shall quote from the case of O'Steen v. Lockheed Aircraft Corp., FSupp, N. Dist. Ga. (1968) (No. 11306), which decided substantially the same question against the third-party claimant.

"The courts of Georgia do not seem to have passed directly on this question, but as the court views the Federal Rule (14) and the Georgia law (which in this diversity case must control), the third-party complaint must fail for two reasons: first, the third-party complaint does not allege a claim which is cognizable under the present language of Federal Rule 14, and second, as against this defendant (the employer of plaintiffs' decedent), the claim is barred by the employer having previously paid workmen's compensation in connection with the same transaction.

"Under Rule 14 [upon which *Code Ann.* § 81A-114 (a) (Ga. L. 1966, pp. 609, 627) is based] the requirements for the maintenance of a third-party proceeding have been stated as follows:

" 'Third-party practice in federal courts is governed by Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. As originally promulgated in 1937, that Rule provided for the impleading of a person who is or may be liable to the defendant "or to the plaintiff" for all or part of the plaintiff's claim. This proved unworkable, and effective in 1948 the Supreme Court amended

the Rule by striking out the quoted phrase. Thus as the Rule now reads, only a person who is secondarily liable to the original defendant may be brought in as a third-party defendant—as in cases of indemnity, subrogation, contribution or warranty.' 1 Barron & Holtzoff, *Federal Practice & Procedure*, Rules Ed., Ch. 7; Ohlinger's *Federal Practice*, Rev. Ed. Rule 14; 3 Moore's *Federal Practice*, 2nd Ed., § 14.15.

"It follows that to maintain the third-party complaint, the present defendant must show that in some fashion the proposed third-party defendant 'is or may be . . . secondarily' liable to it. It also appears that the only way Knox [third-party defendant] could be secondarily liable is on one of the theories enumerated by Barron and Holtzoff. In other words, in order to recover on a third-party complaint, Lockheed [third-party plaintiff] must establish a right over against Knox either by indemnity (in tort or in contract, express or implied), subrogation, contribution or warranty.

"Of these, subrogation and warranty are not here involved, and we proceed first to the theory of indemnity. It is not contended that there was any express contract of indemnity given to Lockheed by Knox, nor can such contractual indemnity be implied, since Georgia courts never imply an agreement to indemnify another for one's own negligence in the absence of express language. *Rome Builders Supply, Inc. v. Rome Kraft Co.*, 104 Ga. App. 488 (3) ; *Batson Cook Co. v. Georgia Marble Co.*, 112 Ga. App. 226, 230.

"Nor can third-party plaintiff establish its right to indemnity under the Georgia law of torts. In the first place, the third-party complaint, both as originally filed and as amended, alleges in substance that the *sole* proximate cause of the death of plaintiffs' decedent was the negligence of R. F. Knox Company, his employer, and not the negligence of the original defendant, who is now the third-party plaintiff. Here, the third-party complaint alleges no relationship between Lockheed and Knox which under Georgia law would make Lockheed responsible to plaintiffs for the negligence of Knox, active or passive, and if this allegation is true—that is, if the negligence of the alleged third-party defendant was the *sole* proximate cause—then Lockheed

has no right to indemnity from Knox, and needs none, since under this set of facts, assuming them to be true, Lockheed cannot be liable in any event.

"In making this statement, the court is familiar with those Georgia cases in which, by reason of statute or any agency relationship, a defendant who has been held vicariously liable for the negligence of a third person is allowed to enforce restitution or indemnity against such third party. (See *Schneider v. Augusta,* 118 Ga. 610, and *G. S. & F. R. Co. v. Jossey,* 105 Ga. 271.) But no such set of facts exists here. In *Schneider* the City, which was guilty of no active negligence whatsoever, was forced (under its statutory liability for defects in its streets) to pay damages to a third person who was injured by a defect not created by the City but by Schneider, who was operating under a City permit. In other words, that was a case where a statute made the City liable for someone else's negligence. Since the City, by statute, was liable to the public for injuries from defects in its streets, and since it had paid the person injured, it was allowed restitution against Schneider, for whose negligence it was legally responsible. In the same way, in the *Jossey* case, the Railroad, as a carrier, had been subjected to liability to a passenger because of the negligent and unauthorized action of its agent in losing the passenger's baggage. Having paid off the passenger, as was its statutory duty, it was allowed to indemnify itself from the employee for whose negligence it was legally responsible.

"Lockheed and Knox simply do not stand in any such special relationship with respect to each other. The whole theory of indemnity has been stated in the *Restatement of the Law of Restitution,* § 76, p. 331, as follows:

"'A person who . . . has discharged a duty *which is owed by him* but which as between himself and another *should have been discharged by the other,* is entitled to indemnity. . .' (Emphasis supplied.)

"Here, under Lockheed's allegation, it owes no duty because, first, it was not negligent, and second, because no circumstances are shown which would make it responsible for the negligence of Knox. The facts also make this principle inapplicable for

another reason: the duty to the plaintiffs, if any, was not one which *'should have been discharged by'* Knox. On the contrary, having already paid workmen's compensation to the plaintiffs, Knox positively owed no further duty in tort for which it could be liable to either them or Lockheed. . . [Footnote:] See also 42 C.J.S. Indemnity, § 23, which states: 'To be entitled to recover indemnity from another for damages paid, it is essential that the latter be *primarily responsible for the negligence or wrongful act* which caused the injuries.' (Emphasis supplied.)

"It follows that the third-party complaint cannot be supported on the theory of indemnity.

"We come then to the question whether the third-party complaint might be sustained on the theory of contribution; and again it is clear that under Georgia law third-party plaintiff cannot prevail, even under Georgia's amended statute relating to contribution (Georgia Code § 105-2012). This is true because that statute relates only to contribution among 'joint trespassers' (that is, joint tort-feasors), and the proposed third-party defendant cannot be made liable as a joint tort-feasor because it, as employer, has already paid workmen's compensation to the plaintiffs. See *Williams Bros. Lumber Co. v. Meisel,* 85 Ga. App. 72, 74-75.

"In line with these observations, it appears obvious to the court that what the third-party plaintiff really seeks is to tender the plaintiffs a substitute defendant. This cannot be done for the same reason; that is, having paid compensation for an injury to its employee one time, the third-party defendant cannot be liable again in tort (Georgia Code § 114-103) and, moreover, the tender of a substitute defendant would seem to be prohibited by amended Rule 14 itself, which now prohibits third-party complaints where the liability of the proposed third-party defendant, if any, runs only to the original plaintiff rather than to the third-party defendant.

"In summary, this case seems very similar to the case of *General Electric Co. v. Cuban American Nickel Co.,* [F2d] (5th Cir. No. 23008, decided February 7, 1968), where the Fifth Circuit reached a similar conclusion with respect to a third-party complaint under the laws of Louisiana, which appear to be sub-

stantially the same as those in Georgia. See also *Pilgrim v. Southern Railway Co.*, [FSupp] Civil Action No. 1175 in this court, decided September 15, 1967; *Plott v. J. A. Jones Construction Co.*, [FSupp] Civil Action No. 9574 in this court, and *Cagle v. J. A. Jones Construction Co.*, FSupp, Civil Action No. 9575 in this court, both decided on July 25, 1966, where this court arrived at a substantially similar conclusion.

"The motion to dismiss the third-party complaint is granted."

The third-party complaint failed to state a claim for the reasons above-indicated in the O'Steen case; therefore, the court did not err in its judgment sustaining the motion to dismiss Counts 1 and 2 thereof and it erred in overruling said motion with respect to Counts 3 and 4.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*