Frank GREEN; Frank Mitchell Green, by next friend, Frank Green; and Barbara Elaine Green, by next friend, Frank Green

v.

SHEPHERD CONSTRUCTION CO., Inc.; John H. Edmundson; L. B. Jones; Garland Pugh Ford, Inc.; Ford Motor Company; Truck Equipment Co. of Georgia, Inc.; Trucking Equipment Co. of Macon, Inc.; Hercules Galion Products, Inc.

Civ. A. No. 11740.

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 4, 1969.

Lokey & Bowden, Atlanta, Ga., McGuire, Baley & Wood, Asheville, N. C., for plaintiffs.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Shepherd.

Hurt, Hill & Richardson, Atlanta, Ga., for Edmundson and Jones.

O'Kelley, Hopkins & Van Gerpen, Atlanta, Ga., for Hercules.

Jones, Cork, Miller & Benton, Macon, Ga., and Smith, Cohen, Ringel, Kohler, Martin & Lowe, Atlanta, Ga., for Trucking Equipment Co. of Macon.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for Garland Pugh Ford, Inc.

Swift, Currie, McGhee & Hiers, Atlanta, Ga., for Truck Equipment Co. of Georgia.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for Ford Motor Co.

## ORDER.

EDENFIELD, District Judge.

In this diversity action for personal injuries and wrongful death, there are now pending three motions by defendant Shepherd Construction Co., Inc. (Shepherd) to implead three third-party defendants pursuant to Rule 14(a), Fed. R.Civ.P. This action is brought by the various plaintiffs against Shepherd, among others, concerning injuries and death resulting from the dumping of hot asphalt upon certain persons at a road repaving site when a truck overturned. Shepherd was the prime contractor for the repaving project.

Shepherd now moves to implead E. G. Mitchell, alleging a subcontract between them whereby Mitchell agreed to perform all loading, hauling, and unloading of asphalt concerned here, and expressly agreed to indemnify Shepherd as to any claims arising from Mitchell's performance under the contract. (Mitchell had subcontracted part of the job to defendant Edmundson, the owner of the truck which turned over.) In addition to the said express agreement, Shepherd alleges an implied indemnity under Georgia law.

Shepherd also moves to implead The Continental Insurance Co. (Continental), alleging a liability insurance contract under which Shepherd could recover indemnity upon any claim which plaintiffs might have against Shepherd. Continental is Mitchell's insurance carrier.

Last, Shepherd seeks to implead The Canal Insurance Co. (Canal) on the same ground as the motion concerning Continental. Canal is Edmundson's insurance carrier.

Plaintiffs have moved to strike all three third-party complaints pursuant to Rule 14(a), Fed.R.Civ.P.

In another such motion, defendants Edmundson and Jones, the respective owner and driver of the asphalt truck, oppose the third-party complaint against Canal.

Looking first to Shepherd's motion to implead Mitchell, the trucking subcontractor but not the owner of the truck which overturned, Shepherd supports the motion by allegation of an "express" contract by Mitchell to indemnify Shepherd from any claims arising from the trucking operations. Shepherd states also that even were there no such contract, a right to indemnity could be implied in law. Plaintiffs object that since the original action sets out only Shepherd's negligence and not Mitchell's, and since neither action alleges negligence by Mitchell, any effective indemnity contract could necessarily only indemnify Shepherd against its own negligent act. Consequently, say plaintiffs, there is a

burden of specificity in Georgia indemnity law that Shepherd has not met.

■■ It is plain that under Georgia law, a contract to indemnify another against his own negligent act must be in plain and unequivocal terms. Rome Builders Supply, Inc. v. Rome Kraft Co., 104 Ga.App. 488, 122 S.E.2d 133 (1961); Batson-Cook Co. v. Georgia Marble Setting Co., 112 Ga.App. 226, 144 S.E.2d 547 (1965). This is a rule of wide and accepted application. See Annotation, 175 A.L.R. 8. Express words are required to protect such a contract from being void as against public policy, where one party could escape the consequences of his own negligence by prior contract with another. Therefore, as to Mitchell's "express" contract (Shepherd does not say if it is oral or written), its terms of indemnity alone are clearly not sufficient to support a recovery over against Mitchell absent the necessary plain terms as to the indemnitee's negligent act. Shepherd alleged no such terms in the third-party complaint, and has failed to do so during the cross-fire of briefs which followed its motion, preferring only to urge the liberality of application of third-party practice under the Federal Rules, and the undoubted rule that the third-party plaintiff need not seek to recover upon the same legal theory as the original action. See 3 Moore, Federal Practice, ¶ 14.07, at 511. Yet the third-party plaintiff must allege *some* theory upon which he can recover, or show some reason why legal liability must attach between them, and in the present state of the pleadings, Shepherd has not alleged any such ground.

■■ Moreover, Shepherd's allegations of an implied right to indemnity in default of the express contract are simply insufficient to give rise to such a right under Georgia law. The conclusion reached here does not ignore the idea that if Shepherd were being forced to answer *for the negligence of Mitchell*, its servant, or for that of Edmundson or Jones as Mitchell's servants, by imputation of any or all of their negligence, there would be an implied indemnity in Shepherd's favor which could supply a theory of recovery against Mitchell. Georgia Southern & Fla. Ry. Co. v. Jossey, 105 Ga. 271, 273, 31 S.E. 179 (1898), citing Story, Agency, and Ward, Master and Servant. Such a ground of indemnity would, of course, support a third-party action against Mitchell. However, no such imputation of negligence is alleged. No act of Mitchell of any sort is alleged, nor is Mitchell named. Mitchell's subcontractor and its servant, Edmundson and Jones, are named as defendants upon their alleged acts of negligence, but none of their negligence is imputed to Shepherd, through Mitchell or otherwise. The complaint calls them the direct servants of Shepherd under the circumstances of the accident, and seeks to assess liability against each for his own act. Therefore, in the present state of the pleadings, there is no implied indemnity.

Shepherd's motion to add Mitchell will therefore be denied, without prejudice upon its right to show the court a contract which expressly indemnifies Shepherd against its own acts of negligence.

Looking next to Shepherd's motion to implead Continental, Mitchell's insurer, Shepherd alleges that Continental has issued a policy under which it can recover over against Continental for any of plaintiffs' claims against it. Shepherd does not allege that it is a named beneficiary, and in fact states that it does not know the exact nature of its coverage under the policy, but that it could state the claim precisely upon Continental's being made a party and the policy being produced by discovery. The allegation is, then, that although Continental is not Shepherd's *continuing insurer*, there exists a Continental policy that will inure to Shepherd's benefit in the matter before the court in this case.

■■ The question of impleader of insurers has been a difficult one. How-

ever, both the inherent liberality of Rule 14 and the obvious desirability of consolidating as many claims in one action as is practicable have brought about the now-accepted rule that a defendant in a negligence action may implead his liability insurer. See 3 Moore, Federal Practice, ¶ 14.12. But see 1A Barron & Holtzoff, Federal Practice and Procedure, § 426.2, which shows that the condition under which the rule arises is where a party has an insurer who has refused to defend, disclaiming liability. That condition necessarily involves a party having to take up his own defense where he had earlier contracted to have another do so, and is a use of Rule 14 to call the disclaiming insurer to account on its contract. There, the allowance of third-party defendants, discretionary with the court, would be strongly urged by every consideration of right and fairness, and the continuing insurer's coverage would readily, and quite simply, be put in issue. In fact, Professor Wright states in the latest supplement to 1A, Barron & Holtzoff, Federal Practice and Procedure (1968 Pocket Part), § 426.2 at 146, that "[i]t seems fair to conclude that impleader of defendant's insurer should be allowed as a matter of course. * * *" Here, however, there is at least a probably complicated question of coverage looming. Had Shepherd been a named insured, it would not only know it, but would doubtless have required it in Mitchell's subcontract terms, and could certainly simplify the matter by so stating. Should some omnibus or "additional insured" clause be construed to include Shepherd, the matter of so finding would stray rather far afield from the subject matter of this case. Should the court not allow the third-party action against Continental, Shepherd would not be prejudiced in its ability to later proceed against Continental. The court recognizes that such a factor is present in every impleader of an insurer. But this case threatens coverage problems not germane to the claim underlying impleader, and is without the militating factor of a continuing insured suddenly alone in litigation. See 1A Barron & Holtzoff, Federal Practice and Procedure, § 423, n. 18, and cases cited therein, for authority regarding the court's discretion in refusing trial of additional issues in impleader. It is best, then, and the present suit will be best served, if the matter of Continental's coverage of Shepherd in this matter is left to another day.

■ Last, Shepherd seeks to implead Canal, defendant Edmundson's insurer. It does so upon the same ground and in the same circumstances as the motion to implead Continental, with the added anomaly of a vigorous objection by Edmundson, the insured, and Jones, the truck driver for whom Edmundson might be vicariously liable. The court sees no reason for a different decision here than in the Continental motion. It might be well added for both motions that the authorities note the possible prejudicial effect of the presence of insurance upon a jury in a negligence action. See 3 Moore, Federal Practice, ¶ 14.12, n. 6. While the trial of the issues might be severed under Rule 42(b), Fed.R.Civ.P., the possibility of the jurors coming upon the insurance element from the pleadings in the jury room adds to the court's desire to keep the issues separate in this action, especially in the absence of the factors which usually justify impleader of insurers.

Accordingly, defendant Shepherd's motions to bring in Mitchell, Continental, and Canal as third-party defendants are denied, and plaintiffs' and defendants Edmundson and Jones' motions to strike the third-party complaints are granted.