Alvin Ernest SCOTT, Plaintiff,

v.

CRESCENT TOOL COMPANY, Division of Crescent Niagara Corporation, Defendant and Third-Party Plaintiff,

v.

John Archie WALKER, Third-Party Defendant and Fourth-Party Plaintiff,

v.

FRUEHAUF CORPORATION, Fourth-Party Defendant.

Civ. A. No. 11974.

United States District Court
N. D. Georgia,
Atlanta Division.

April 10, 1969.

See also D.C., 296 F.Supp. 147; D.C., 296 F.Supp. 158.

Carnes, Dillon & White, Atlanta, Ga., for plaintiff.

Greene, Buckley, DeRieux, Moore & Jones, Atlanta, Ga., for Crescent Tool Co.

McCord, Cooper & Voyles, Hapeville, Ga., for John Archie Walker.

Gambrell, Russell, Moye & Killorin, Chas. A. Moye, Jr. and David A. Handley, Atlanta, Ga., for Fruehauf Corp.

## ORDER

EDENFIELD, District Judge.

On October 17, 1967, plaintiff, an employee of Fruehauf Corporation, used a metal punch manufactured by Crescent Tool, in order to remove a pin from a trailer brake shoe. While giving the large end of the metal punch several hammer blows, the small end of the punch shattered and a piece allegedly hit plaintiff's eye, lacerating his cornea and permanently limiting his vision as to projection and perception. Plaintiff contends that the defendant's negligent design and manufacture of the punch was the proximate cause of his injury. Crescent Tool, as a third-party plaintiff, then sued Walker, plaintiff's immediate supervisor and a fellow employee of Fruehauf. Walker, in turn, filed a complaint as a fourth-party plaintiff against

Fruehauf. The court has already ruled on several motions in previous orders. The court has denied Crescent Tool's motion to quash service of process against it, and has also denied a motion by walker to dismiss the third-party complaint filed against him by Crescent Tool. The court now has before it the fourth-party plaintiff's motion to strike an amended answer by the fourth-party defendant, and the fourth-party defendant's motion for summary judgment.

## I. WALKER'S MOTION TO STRIKE FRUEHAUF'S AMENDED ANSWER

On March 11, 1969, this court permitted Fruehauf to file an amendment to its answer, subject to objections, which stated that it was relieved of liability to the plaintiff and to Walker, the fourth-party plaintiff, under Georgia Code § 114–103, since it had paid workmen's compensation to the plaintiff. On March 17, 1969, Walker moved to strike the amendment as adding a defense which was waived for failure to timely present by motion or answer, pointing to Rules 12(a), (b), and (h) [1] of the Federal Rules of Civil Procedure. The court holds that Walker's motion must fail, under Rule 15(a) of the Federal Rules.

Rule 12(a) states the time within which a defendant must serve an answer after receipt of a summons and complaint upon him. Rule 12(b) relates the manner in which a defense must be presented. However, nothing in these two rules limits a properly offered amendment to an answer, covered by Rule 15(a). Rule 15(a) provides, in relevant part, that:

"(a) *Amendments*. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* \* \* \* " (Emphasis added).

Although the defendant's amendment can be granted only by leave of this court, under the circumstances the court sees no bar to granting such leave. The court is cognizant that the test of whether an amendment is proper is guided by functional, rather than conceptual, considerations. Wright, Federal Courts, Ch. 10, § 66. The spirit of the rules correctly rejects the approach that the pleadings are games of skill guided by technicalities, since the purpose of the Federal Rules is to facilitate a decision on the merits of the case. 2 Moore, Federal Practice, ¶ 15.08[2]. The policy of Rule 15(a) is to freely grant amendments to both the complaint and the answer, unless the rights of the adverse party, here Walker, are prejudiced. 1A Barron & Holtzoff, Federal Practice and Procedure, § 446. Even if some prejudice to the adverse party is found, that prejudice must be balanced against the hardship to the moving party if he is denied leave to amend. 1A Barron & Holtzoff, supra, at § 447. The United States Supreme Court has emphasized the importance of granting leave to amend, while also stating the factors a district court must consider in making a decision. As the Court put it in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

"Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires;' this mandate is to be heeded.

[1] The fourth-party plaintiff erroneously relies on Rule 12(h) as written prior to its 1966 amendment; this amendment eliminates the waiver of all defenses and objections not presented by motion or answer. As amended, it concerns defenses not relevant to the instant facts, and therefore merits no further discussion.

"In the absence of any apparent or declared reasons—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment, etc.—the leave should, as the rules require, be 'freely given.'"

■ None of the factors mentioned by either the Supreme Court or the commentators, 3 Moore, supra, at ¶ 15.08[4], which militate against granting an amendment, are present here. There is no allegation, nor can there be, that the fourth-party defendant has shown bad faith or dilatory motive in its amendment. Moreover, there is no evident prejudice to the fourth-party plaintiff in granting leave to amend. The amended answer merely supplements the answer as originally drawn, denying liability to Walker. Among the clearest cases for granting leave to amend is amplification of a previous answer, 3 Moore, supra, at ¶ 15.08[3], although there would be no bar even if the amended answer set up additional or new defenses, Wright, supra, at § 66; 3 Moore, supra, at ¶ 15.08 [3]. There can be no undue surprise to the fourth-party plaintiff from Fruehauf's amendment adding the workmen's compensation element, since Walker argued in a previous motion that he was exempt from liability, in part, because of Fruehauf's workmen's compensation payments to the plaintiff, Scott. Moreover, the amended complaint is of vital importance to Fruehauf, since the fourth-party defendant predicates its entire summary judgment motion on the workmen's compensation issue. For all of these reasons, the court grants leave to amend the answer, over the fourth-party plaintiff's objections.

## II. FOURTH-PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST FOURTH-PARTY PLAINTIFF

■ The fourth-party defendant, Fruehauf, bases its motion for summary judgment on the shield from further liability afforded by its payment of workmen's compensation to the plaintiff, Scott. Under the provisions of Georgia Code § 114–103:

"Other remedies excluded by this law.—The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death."

■ While the literal language of § 114–103 merely bars another action by the injured employee or his representative, the statute is also designed to protect the compensating employer from double liability. Because of § 114–103, an employer cannot be a common-law tortfeasor as to an employee and therefore cannot be considered a joint-tortfeasor with a third party, even where the employer's negligence combined with that of another to produce the employee's injuries. Williams Bros. Lumber Co. v. Meisel, 85 Ga.App. 72, 68 S.E.2d 384 (1951). It is in the nature of workmen's compensation that an employer's liability, in the ordinary case, must be limited to the payment of compensation under the Act through which it has bound itself. The shield afforded the employer by its workmen's compensation payments is shown in this court's decision in O'Steen v. Lockheed Aircraft Corp., 294 F.Supp. 409, Mar. 18, 1968, N.D.Ga. There, O'Steen, an employee of Knox Company, was electrocuted while working on Lockheed's facility. Plaintiffs, through their guardian, received workmen's compensation from Knox Company, and then sued Lockheed for negligence. Lockheed thereupon brought in Knox as a third-party defendant. The court denied Lockheed the opportunity to bring in Knox Company both because Rule 14 made no provisions for a third-

party proceeding under the facts of the case, and because the employer, Knox, was protected by its workmen's compensation payments to the plaintiffs. See, also, Central of Georgia Ry. Co. v. Lester, 118 Ga.App. 794, 165 S.E.2d 587, Nov. 1, 1968, cert. denied, Ga.Sup.Ct., Feb. 20, 1969, following O'Steen, supra, in similar circumstances.

If, as O'Steen and Central of Georgia indicate, a defendant, as third-party plaintiff, may not bring in the compensating employer, it is difficult to see how a fourth-party plaintiff derives greater rights. In order to justify his action against Fruehauf, Walker asserts a duty upon Fruehauf, his employer, to indemnify him for any losses occasioned by his performance in the scope of his employment for Fruehauf. He does so on two grounds. First, he seems to urge that an implied indemnity agreement arises because of the employment relationship between the fourth-party plaintiff and the fourth-party defendant. Second, he urges upon us Georgia Code § 66-301, which he contends has been breached.

■■ First, Walker urges that any loss which he suffers as a result of his employment makes his employer, Fruehauf, liable to indemnify him, because of their contractual relationship. Fourth-party plaintiff cites 35 Am.Jur. § 114 for the general rule that an employer is bound to indemnify an employee for any loss or injury sustained by the employee discharging the duties of his employment. This rule cannot help Walker in this situation. In Georgia some express agreement is necessary before anyone is required to indemnify another, especially against the consequences of his own negligence. Rome Builders Supply, Inc. v. Rome Kraft Co., 104 Ga.App. 488, 122 S.E.2d 133 (1961); Batson-Cook Co. v. Georgia Marble Setting Co., 112 Ga.App. 226, 144 S.E.2d 547 (1965). We are cited no authority that in Georgia a mere employment relationship creates an obligation upon the employer to indemnify the employee for the employee's negligence. Nothing in the general rule cited

by Walker contemplates indemnification for an employee's negligence, nor should such be the rule. 42 C.J.S. Indemnity § 20, at p. 596. Walker urges in his supplemental memorandum that he does not seek indemnity for his own negligent acts, but if this is the case, then it is difficult to divine for just what he does seek indemnity, for if Walker has not been negligent, he would need no indemnity from Fruehauf. That an employee cannot seek indemnity from an employer for his own negligent acts is clearly shown by the fact that the employee may himself be liable to the employer for any damages the employer must pay because of the negligence of his employee. See e. g., Georgia, Southern & Florida Ry. v. Jossey, 105 Ga. 271, 31 S.E. 179 (1898).

■ Second, the fourth-party plaintiff urges that Georgia Code § 66-301 requires that an employer protect his employee against any loss suffered while acting within the scope of his employment. By way of a supplemental memorandum, the fourth-party plaintiff states that he does not seek indemnity for his own negligent acts, but because § 66-301 was breached. In his initial brief, Walker also urged that by abandoning him to liability, his employer, Fruehauf, was violating § 66-301. These bizzarre arguments simply do not hold water. Georgia Code § 66-301 provides that:

"Care required of master; warning to servant of defects of dangers.—The master is bound to exercise ordinary care in the selection of servants, and not to retain them after knowledge of incompetency; he shall use like care in furnishing machinery equal in kind to that in general use, and reasonably safe for all persons who operate it with ordinary care and diligence. If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto."

Walker reads into this statute a requirement that an employee is entitled to

a place to work free from the worry that he will be subject to suit for following his employer's instructions. This is an overbroad and, in fact, nebulous reading for a statute which merely restates the common law care required of a master to his servant. Thus, for example, the employee has no absolute right of recovery but assumes the ordinary risks of his employment. Holman v. American Automobile Ins. Co., 201 Ga 454, 39 S.E.2d 850 (1946), questioned on other grounds, Chotas v. J. P. Allen & Co., 113 Ga.App. 731, 149 S.E.2d 527 (1966); editorial note to § 66.301.[2]

Since the court has found no implied right to indemnity for an employee's negligence, and since Georgia Code § 66–301 was not violated, the court grants the fourth-party defendant's motion for summary judgment against the fourth-party plaintiff.

2. If Walker is not negligent, he need not worry about liability. In addition, he does not claim that Fruehauf was negligent, for as he says in his original brief, "this action in bringing in Fruehauf is not from the injury or negligence of Fruehauf that was done to the plaintiff, if any, but upon the contractual right of the servant or agent to be protected and indemnified by the principal." It is difficult to reconcile this with Walker's argument concerning the alleged breach of § 66–301.