1132

Mrs. Margaret JARRETT, James Jarrett, By His Mother, Mrs. Margaret Jarrett, As Next Friend, and Harold Jarrett

v.

John Calvin GREEN, Jr., M. N. Turner Egg Farm, Inc.; Mark N. Turner, Jr.; Mark N. Turner, Jr. d/b/a M. N. Turner Egg Farm; Hunter Furches; Hunter Furches d/b/a Bryan Egg Ranch, Eggs, Inc.; Julius M. Langley; Julius M. Langley d/b/a Sunnyside Eggs; and "A", and "B" and "C", an entity who had any interest whatsoever in the business being performed by the Defendant, John Calvin Green, Jr., all of whose true names are otherwise unknown but will be supplied by Amendment when ascertained.

John Calvin GREEN, Jr., Third-Party Plaintiff,

v.

Mrs. Vivian JARRETT and Donald Jarrett, Third-Party Defendants.

Julius M. LANGLEY, Julius M. Langley d/b/a Sunnyside Eggs, Third-Party Plaintiff,

v.

Mrs. Vivian JARRETT and Donald Jarrett, Pacific Indemnity Company, Martin Van Horn, and Van Horn and Company, Third-Party Defendants.

Civ. A. No. 13639.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 29, 1970.

Mundy, Gammage & Cummings, Cedartown, Ga., for plaintiff.

Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Hunter Furches, Bryan Egg Ranch, Eggs, Inc., Pacific Ind. and Martin Van Horn.

Henning, Chambers & Mabry, Atlanta, Ga., for Vivian and Donald Jarrett.

S. M. Landress, Marietta, Ga., for Julius M. Langley, etc. and John Calvin Green.

Cochran, Camp, Snipes & Jose, J. A. Cochran, Smyrna, Ga., for Mark N. Turner, etc.

Greer & Murray, Atlanta, Ga., for State Farm Mutual.

## ORDER

EDENFIELD, District Judge.

These motions, one for summary judgment and one styled "Objections to Impleader", demonstrate in classic fashion how an otherwise simple tort case can be proliferated into what superficially appears to be a hydra-headed monster under modern rules of pleading, complete with counterclaims, cross-claims, indemnity claims, claims against third-party defendants and one or two other claims which defy any known legal classification. In the end, however, the answers are simple.

On March 20, 1970 a serious but by no means unique truck-auto collision occurred in Cobb County, Georgia. The nonresident passengers in the auto, together with those entitled to their consortium and liable for their expenses, brought suit against the truck driver, Green, and two other groups[1] of persons and entities, it being alleged, seriatim, that the driver, Green, was the agent and servant of each of these persons and entities, acting then and there within the scope of his authority.

Group 1 of the defendants, herein referred to as the Furches group, includes one Hunter Furches, a proprietorship operated by him, and a corporation allegedly owned and controlled by him. Group 2 of the defendants, herein referred to as the Langley group, includes one Julius Langley and a proprietorship owned by him, known as "Sunnyside Eggs."

All of the defendants answered denying liability. In addition Green and the Langley group of defendants seek to implead the driver of the auto and her husband. The Langley group also moves to add as third-party defendants the Pacific Indemnity Group and two of its agents, Martin Van Horn and Van Horn & Company, who are alleged to be insurers of the truck involved in the collision.

The Furches group, in turn, filed a cross-claim against the Langleys and also a motion for summary judgment against the plaintiffs, contending that under no circumstances could they be liable as matter for the negligence of Green, their affidavits tending to show that in January, prior to the accident in March, they had sold all their interest in the truck (and in a related business) to Langley who thereafter became the employer and master of the driver, Green, and responsible for his negligence, if any.

Although the time for response has long since passed the plaintiffs, strangely enough, have never responded to this motion for summary judgment. The co-defendant, Langley, however, did re-

---

1. There is also a third group of defendants whose connection with the case is not altogether clear, but since they are not involved in the matters now before the court, they will be ignored for the present.

spond by filing a paper which he designates as a "Motion to Dismiss Summary Judgment."

Finally, Pacific Indemnity Company and its agents filed objections to their impleader, to which Langley also responded with a "Motion to Dismiss Objections."

It is Pacific Indemnity's objection to impleader and Furches' motion for summary judgment which are now before the court.

■ On motion for summary judgment, once the movant has shown no issue of fact to exist, the burden falls on the opposing party to show that issues of fact requiring trial do exist. As the Fifth Circuit has said:

"Although the burden is on the moving party to demonstrate clearly that there is no genuine issue of fact, the opposing party must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried." Surkin v. Charteris, 197 F.2d 77, 79 (5th Cir. 1952).

Plaintiffs have made no such showing in this case, and as to them the Defendants Furches are therefore entitled to summary judgment.

■ Nor is this conclusion changed by the fact that the co-defendants, the Langley group, have objected to the motion for summary judgment. In the first place, and without complete research, the court entertains some doubt whether one co-defendant has standing to object to a motion for summary judgment filed by another co-defendant. The unusual nature of this "Motion to Dismiss Summary Judgment" is further apparent when one considers that the Langleys have filed no cross-claim against Furches, Furches in fact having filed a cross-claim against them. It is entirely possible that one co-defendant has sufficient interest in keeping another co-defendant in the case to justify him in opposing a motion for summary judgment which would let the other (moving) co-defendant out. But here we do not have to decide this question. This is true because

the Langley co-defendants in their "Motion to Dismiss Summary Judgment" do not contradict the affidavits of Furches to the effect that they had sold the truck to the Langleys and that Green was therefore not their agent at the time. Instead the Langleys oppose the Furches motion for summary judgment on another unique ground: In short, they contend that Furches, before selling the truck to them in January before the accident in March, had obtained insurance with the Pacific Indemnity group. They also appear to contend that, despite their outright purchase, Furches was to keep the title to the truck in Furches' name so as, in effect, to "lend" the benefit of the Furches insurance to the Langleys as purchasers until they could buy some. They even say they paid Furches part of the premium for this purpose. By reason of this bizarre arrangement they contend that they were using the truck "with the permission of the named insured" within the meaning of the policy.

■ Again the court does not have to go into the dubious question of whether insurance coverage can be "loaned" in this fashion. It is not contended by the Langleys that the truck was being operated about Furches' business at the time of the collision and even if it be assumed that the Langleys have, or may have, some protection under the policy by reason of such informal arrangement, or some claim in contract or estoppel against the Furches, this still would not subject the Furches group to liability to the plaintiffs where the Furches, months before the collision, had disposed of the truck so as to no longer be responsible to the plaintiffs under the doctrine of respondeat superior.

The motion for summary judgment filed by the Furches defendants is granted.

The same reasoning also requires that the "Objections to Impleader" filed by the Pacific Indemnity group be sustained. Otherwise, the issues in the action involving both the tort liability of the Langleys and the insurance coverage

problems of the Furches and the insurers would become unmanageable and hopelessly intermingled. The insurance question is not germane to plaintiffs' claim. Moreover, the defendants and third-party defendants would be prejudiced in that the jury would have the fact of insurance before it. This is not to say that Langley may not at some future time have a claim against either Furches or the insurance carrier or both. But that is next year's litigation. For the purposes of this case the court agrees with Pacific's analysis of the case and finds that the objections to impleader should be sustained. *See* Green v. Shepherd, 46 F.R.D. 434 (N.D.Ga. 1969).

To summarize: The motion for summary judgment filed by Hunter Furches, Hunter Furches d/b/a Bryan Egg Ranch and Eggs, Inc., is granted. They having gone out of the case, the cross-action of the same parties against the Langleys is dismissed without prejudice. The objections to impleader are sustained and the impleader action against Pacific Indemnity Company, Martin Van Horn, and Van Horn & Company, is dismissed without prejudice.