45499. S. M. & M. REALTY CORPORATION v. HIGHLANDS INSURANCE COMPANY et al.

HALL, Presiding Judge. S. M. & M. Realty Corporation leased restaurant premises to Zanac, Inc. Under the terms of the lease, lessee accepted the premises "in their present condition as suitable for the use of tenant." It further agreed to make all repairs except to the roof and outer walls and to "be liable for and hold lessor harmless on account of any damage or injury to the person or property of the lessee." Within six weeks, the premises were partially destroyed by a fire which apparently originated in a gas cooking grill and ventilating hood. Lessor made a claim upon its insurance carriers, settled with them and entered into subrogation agreements by which it assigned to them its claim against lessee.

The insurers filed suit against lessee, alleging that its negligence proximately caused the loss sustained by reason of the fire. Lessee denied the allegations of negligence and filed a third-party complaint against lessor, alleging that it was the lessor's negligent failure to provide a safe and suitable exhaust system

that proximately caused the fire loss, and that before entering into the contract, lessor had represented the premises as safe and suitable for restaurant purposes when this was not true because, unknown to lessee, grease or other flammable material was located within the partition.

The trial court denied lessor's (third-party defendant's) motion for summary judgment and certified the question for immediate review.

Lessor contends that it is not subject to being impleaded under *Code Ann.* § 81A-114 (a) because under the terms of the lease it owed no duty to lessee and therefore could not be secondarily liable for any claim it might have, and because it is already a party to the action.

The issue raised by this latter contention is apparently novel under not only the Georgia Civil Practice Act but also Federal Rule 14 (a) from which our rule was largely adopted. It is clear that the lessor is not a "party" to the main action in the strict sense of the word. The basic law of assignments declares it to be neither a necessary nor a proper party to a suit where a legal assignment is made of the entire right of action. 2 Encyclopedia of Georgia Law 383, Assignments, § 22. However, the "assignee of a non-negotiable chose in action takes it subject to the same defenses available against the assignor existing at the time of the assignment." Id. p. 384, § 23; *Code* §§ 85-1803, 85-1805. In this respect, the assignor is involved and interested in any suit where such a defense is raised. Under this principle, lessee's third-party claim here is really one of its defenses to the main action—that it was not its own negligence but that of the lessor which caused the fire. If the lessee prevails with this defense, then its third-party complaint becomes moot. It will owe no damages for which anyone else might be secondarily liable. On the other hand, if judgment is obtained against the lessee, it will necessarily be an adjudication against it on the issue of whose negligence proximately caused the fire damage. An estoppel by judgment would then operate against the third-party claim on exactly the same issue.

We can see no reason to bring the lessor into this suit on a third-party claim. The only result would be confusion for the jury.

This is directly contrary to the spirit and purpose of third-party practice which is "to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant." 3 Moore's Federal Practice 501, § 14.04.

"In determining the propriety of allowing impleader, the court could consider the means at its disposal to prevent prejudice or confusion." 3 Moore's Federal Practice 506, § 14.05[1]. The lessor's motion for summary judgment as amended raised the issue of the propriety of impleader under the unusual circumstances of this case. The trial court erred in denying the motion.

*Judgment reversed. Bell, C. J., Jordan, P. J., Eberhardt, Deen, Quillian and Whitman, JJ., concur. Pannell, J., concurs specially. Evans, J., dissents.*

SUBMITTED SEPTEMBER 15, 1970—DECIDED JANUARY 6, 1971.

*Stanley E. Galkin,* for appellant.

*Nick G. Lambros,* for appellees.

PANNELL, Judge, concurring specially. I concur in the judgment of reversal, but not for the reasons given. My views are as follows.

The so-called third party complaint is as follows: "Come now the defendants, Louis D. Zakas and Zanac, Inc. and file this their third-party complaint. I. The above named plaintiffs have filed a complaint against the above named defendants, a copy of which is attached hereto as Exhibit 'A', and defendants have filed their respective answers to said complaint, a copy of which is attached hereto as Exhibit 'B'. II. The third-party defendant named herein is S. M. & M. Realty Corp., a Georgia Corporation, subject to the jurisdiction of this court; and can be served by service upon Mr. Charles W. Bergmen, Secretary—First National Bank Building—Atlanta, Fulton County, Georgia 30303. III. The defendants herein show that if any fire caused damage or loss to premises located and known as 689 Peachtree Street, N.E., Atlanta, Georgia, which

is property owned by S. M. & M. Realty Corp., was occasioned by negligence of said third-party defendant in its failure to provide a safe and suitable exhaust system for the smoke and flames that originated in the operation of the restaurant business of defendant Zanac, Inc. Wherefore defendants demand judgment." By amendment the following was added to the third-party complaint: "Further, the walls of the building and premises leased from third-party defendant and involved in this action contained grease and flammable material unknown to defendants which caused same to be unsafe and structurally unsound. That the responsibility thereof was third-party defendant's and defendants should be discharged." This pleading does not constitute a third-party complaint for which relief can be granted under the statute. The complaint specifically denies that the third-party plaintiff is liable to the plaintiff in the main action and seeks to place the blame entirely upon the third-party defendant, in effect, an attempt to substitute the third-party defendant for the defendant in the main action. This is not the purpose of the third-party proceeding, nor can it be done under a third-party proceeding, or any other proceeding in the present case by the defendant to implead this third-party defendant. See *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800 (165 SE2d 587). The third-party proceeding applies solely to a defendant bringing in a third-party who is or may be liable over to him in the event of a recovery by the plaintiff in the main action. *Worrill v. Pitney-Bowes, Inc.,* 119 Ga. App. 258 (167 SE2d 236); *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800, supra, and citations. No such case is pleaded here; in fact, the pleading of this "third-party complainant" denies such a status exists and therefore affirmatively shows that no third-party claim exists. Under these circumstances, the denial of the third-party defendant's motion for summary judgment was erroneous.

EVANS, Judge, dissenting. In this case the landlord leased certain realty to the tenant under a written contract. The premises were partially destroyed by fire and the landlord settled its claim against its fire insurer and subrogated such rights as it might have to said insurer. The insurer sued the tenant; the tenant filed a third-party complaint against the landlord, alleging that the landlord's negligence caused the fire.

The landlord filed an answer thereto and a motion for summary judgment, praying that judgment be entered in its favor as a matter of law, which motion was denied by the trial court.

§ 14 of the Civil Practice Act (Ga. L. 1966, pp. 609, 627; *Code Ann.* § 81A-114) provides in pertinent part: "At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The above language would seem to leave it beyond peradventure that the tenant had the right to bring the landlord into the case as a third-party defendant. Further, the law vests a discretion in the trial court as to whether or not to allow a third-party defendant brought into the case, and that discretion must be exercised at the trial court level and not by this court. Dyke v. Sechrist (DC-Md), 21 FRD 240.

Further, as to motions for summary judgment: "The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. . . *The act cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact, and it is indeed a great responsibility to say that 'in truth there is nothing to be tried.'"* (Emphasis supplied). *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442). The majority opinion states: "The only result would be confusion for the jury. This is directly contrary to the spirit and purpose of third-party practice." In this respect, let me observe that in my opinion third-party practice is indeed confusing to the jury and to the court, but the entire Civil Practice Act, in my opinion, is fraught with increased confusion. It is too late in the day to complain of "confusion" when we have to live by the Civil Practice Act. Therefore, I would affirm the lower court and I dissent from the majority opinion in this case.