48456. GEORGIA POWER COMPANY v. DIAMOND et al.

EVANS, Judge. Edwin Elko, plaintiff, sued Georgia Power Company for personal injuries received when he came in contact with high voltage electric wires of the defendant. He alleged that he received electric shock, which caused him to fall approximately 35 to 40 feet from scaffolding on an apartment building under construction. He alleged that he was an employee of Bird (Byrd) Brothers Construction Company, a sub-contractor of Diamond and Kay Properties, and that he was "following his employment as a laborer in setting up the scaffold so that work could progress on a building on the jobsite."

Defendant answered and admitted that it had installed the electric wires serving the apartments, but denied any negligence.

Defendant then filed a third-party complaint against Diamond and Kay, as partners, doing business as Diamond and Kay Properties, alleging that although it had denied liability, the third-party defendant may be liable to Georgia Power Company for all or part of any sum which might be adjudged against defendant. The third-party defendants answered and denied any liability to defendant Georgia Power Company.

During the discovery phase of this case it was shown that plaintiff, a laborer, was an employee of Bird Brothers, who had a sub-contract with Diamond and Kay to perform certain "stucco" work at certain apartments where plaintiff was injured. He was awarded workmen's compensation by the Workmen's Compensation Board against the general contractors, Diamond and Kay.

Thereafter, the third-party defendants filed a motion for summary judgment, contending there was no genuine issue as to any material fact regarding their liability, and that they were entitled to judgment in their favor as a matter of law. After hearing, the same was granted. The defendant, Georgia Power,

appeals. *Held:*

1. "A principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject-matter of the contract, to the same extent as the immediate employer." Code § 114-112, as amended (Ga. L. 1969, p. 671).

2. Under Code § 114-103, as amended (Ga. L. 1972, pp. 929, 930), the rights and remedies granted under the workmen's compensation law to an employee exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, "at common law or otherwise, on account of such injury, loss of service or death," other than the employee's right to bring an action against a third-party tortfeasor. Thus, the only remedy the employee here had against the employer (or the general contractor as employer under Code § 114-112, supra) was under the workmen's compensation law.

3. The collection of full compensation from one employer shall bar recovery by the employee against any others, including principal, intermediate or subcontractor. Code § 114-112, as amended, supra. Thus, it is apparent that under the workmen's compensation law the word "employer" shall mean, "a principal, intermediate or subcontractor."

For the purpose of workmen's compensation in this case, the general contractor and third-party defendants, Diamond and Kay, were liable for workmen's compensation payments to the employee, Edwin Elko, the plaintiff herein.

4. The employers, Diamond and Kay, have been required to pay workmen's compensation to the injured employee, Elko, herein, hence they cannot be considered as joint tortfeasors with the third party, whether or not the employer's negligence combined with that of a third party to produce the employee's injuries. For this reason, there can be no third party action against the employers, Diamond and Kay. See *Williams Bros. Lumber Co. v. Meisel,* 85 Ga. App. 72, 74 (68 SE2d 384); *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 800 (165 SE2d 587); *Fenster v. Gulf States Ceramic,* 124 Ga. App. 102, 107 (182 SE2d 905). Compare *Shell v. Watts,* 125 Ga. App. 542 (6) (188 SE2d 269). See also *Eschen v. Roney,* 127 Ga. App. 719 (194 SE2d 589). The law forbids the third-party defendant from becoming secondarily liable to the original defendant after having previously paid workmen's compensation in connection with the same transaction.

*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs in Division 4 and in the judgment.*

ARGUED SEPTEMBER 13, 1973 — DECIDED NOVEMBER 7, 1973 — REHEARING DENIED NOVEMBER 21, 1973 —

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, David H. Flint,* for appellant.

*Savell, Williams, Cox & Angel, Henry Angel, Elmer L. Nash,* for appellees.