## 56353. GEORGIA STATE TELEPHONE COMPANY v. SCARBORO et al.

BANKE, Judge.

The appellant, Georgia State Telephone Company, contracted with appellee Scarboro for the construction of manholes and the laying of telephone cable. While carrying out the work, three of Scarboro's employees were overcome by toxic fumes, leaving two dead and one disabled. The employees were covered by the Workers' Compensation Act, and Scarboro's carrier paid the benefits due under the Act.

The surviving employee and the representatives of the estates of the deceased employees subsequently filed suits against the telephone company to recover for personal injuries and wrongful death alleging that the incident resulted from the company's negligence in maintaining the manholes. The telephone company denied that it had been negligent and filed third-party complaints against Scarboro, alleging that the latter's negligence was responsible for the accident. However, on Scarboro's motion, the third-party complaints were dismissed. The dismissals were not appealed, nor did the telephone company defend the case on the merits. Instead, it consented to judgments in favor of the plaintiffs totaling $359,715.

After paying the consent judgments, the telephone company filed the present action against Scarboro seeking to hold him liable for the damages. It alleged two theories of recovery: (1) that it was entitled to contribution for Scarboro's negligence in causing the accident and (2) that Scarboro had agreed to indemnify it for all losses arising out of the construction. Scarboro's liability carrier, appellee United States Fidelity & Guaranty Company, defended this suit under a reservation of rights agreement. In addition, U. S. F. & G. filed a petition for declaratory judgment against both Scarboro and the telephone company contending that its insurance policy did not provide coverage for any liability which Scarboro might have to the telephone company arising solely from contract, as opposed to tort.

Motions for summary judgment were filed in both

actions and were consolidated by the trial court for a hearing. The court then entered a consolidated order granting summary judgment to Scarboro in the telephone company's suit against Scarboro and granting a declaratory judgment to U. S. F. & G. in its action against Scarboro and the telephone company. From these judgments, the telephone company appeals. *Held:* '

1. The telephone company cannot recover from Scarboro for contribution as a joint tortfeasor because Scarboro's payment of workers' compensation benefits makes him immune from any further liability on account of his negligence in causing the accident. See Code Ann. § 114-103; *Central of Ga. R. Co. v. Lester,* 118 Ga. App. 794, 803 (165 SE2d 587) (1968); *Ga. Power Co. v. Diamond,* 130 Ga. App. 268 (202 SE2d 704) (1974).

2. The indemnity agreement alleged to have been executed between the telephone company and Scarboro provided as follows: "The contractor shall save harmless the telephone company from and indemnify it against all claims and suits for injury or damage to any person or property whatsoever, including death, which may arise in or result from the performance of the work covered by this contract . . ." Such language does not establish that the parties intended for Scarboro to be liable for the telephone company's negligence. "The words of the contract will be scrutinized closely to discover whether such an intent is actually revealed in them and every presumption is against such intention. In the absence of explicit language to the contrary, courts will not interpret an indemnity agreement as a promise by the indemnitor to save the indemnitee harmless on account of the latter's own negligence." *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226, 230 (144 SE2d 547) (1965), citing 175 ALR 8, 30 et seq. See *Scarboro Enterprises, Inc. v. Hirsh,* 119 Ga. App. 866, 870 (169 SE2d 182) (1969).

Although the language in the agreement is not sufficiently explicit to indemnify the telephone company against liability resulting strictly from its own negligence, it is sufficient to require indemnification for damages resulting from a combination of its negligence and Scarboro's negligence. See *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711 (175 SE2d

116) (1970); *Benson Paint Co. v. Williams Const. Co.,* 128 Ga. App. 47 (195 SE2d 671) (1973); *Binswanger Glass Co. v. Beers Const. Co.,* 141 Ga. App. 715 (234 SE2d 363) (1977); *Arthur Pew Const. Co. v. Bryan,* 148 Ga. App. 114 (1978). In this case, however, none of the liability for which the telephone company seeks indemnification can be attributed to Scarboro. Instead, the telephone company must be held to have adopted the liability as its own when, rather than defend the suits which gave rise to the liability, it consented to the entry of the judgments in favor of the plaintiffs in those suits. This conclusion follows from the fact that the suits were based solely on the alleged negligent acts and omissions of the telephone company and did not allege any negligence on the part of Scarboro. Having admitted liability under these circumstances, the telephone company cannot now turn to Scarboro for indemnification by alleging that it was actually Scarboro's negligence which caused the accident. Cf. *Peacock Const. Co. v. Montgomery Elevator Co.,* 121 Ga. App. 711 (1), supra.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 30, 1978 — REHEARINGS DENIED NOVEMBER 16 AND DECEMBER 7, 1978 —

*Lee & Clark, Fred S. Clark,* for appellant.

*John W. Collier, Larry W. Rowe, W. Ward Newton, Wilson R. Smith, Rountree & Cadle, W. E. Rountree,* for appellees.