**Larry Ray FREEMAN and Brenda Freeman, Plaintiffs,**

v.

**KOHL & VICK MACHINE WORKS, INC., Defendant, Third-Party Plaintiff-Appellee,**

v.

**KEEBLER COMPANY, Third-Party Defendant-Appellant.**

No. 81–1863.

United States Court of Appeals, Seventh Circuit.

Submitted March 2, 1982.*

Decided March 17, 1982.

Rehearing Denied April 19, 1982.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." Appellant has filed such a statement and requested oral argument. Appellant asserts that "the court's suggestion

that oral argument might be dispensed with implies that the court may not fully appreciate ·the precedential significance of the issues presented for review." However, whether a case is orally argued or not does not determine whether the resolution of the albeit significant issues presented merit a published opinion, or an unpublished order. *See* Circuit Rules 14(f) and 35. Upon consideration of appellant's statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

John T. Burke, Walsh, Case, Coale, Brown & Burke, Kenneth C. Miller, Chicago, Ill., for plaintiffs.

Horace W. Jordan, Van Duzer, Gershon, Jordan & Peterson, Chicago, Ill., for defendant, third-party plaintiff-appellee.

Before CUMMINGS, Chief Judge, and PELL and SPRECHER, Circuit Judges.

PER CURIAM.

■ The issue in this case is whether this Court has jurisdiction to review a district court's conflict of laws determination, embodied in an order denying a motion for summary judgment, which has the effect of denying appellant's asserted immunity from suit.

I

Plaintiff Larry Freeman, a resident of Georgia, sued Kohl & Vick Machine Works, Inc., an Illinois corporation, in the federal district court for the Northern District of Illinois. Plaintiff sued for injuries sustained at the place of business of his employer in Macon, Georgia, while operating a machine which plaintiff alleges the defendant negligently designed, manufactured, sold and distributed.[1] Defendant filed a third-party complaint naming Keebler Co., the plaintiff's employer, whose principal office is in Illinois, as a third-party defendant. The third-party complaint seeks indemnity from the third-party defendant for any sums that the original defendant might be held liable to pay the original plaintiffs.

■ The third-party defendant moved for summary judgment on the ground that Georgia law governs the third-party complaint and under the Georgia Worker's Compensation Statute, Georgia Code Section 114–103, the third-party plaintiff is precluded from bringing any action for indemnity against it, since it is paying the original plaintiff worker's compensation benefits.[2]

The district court concluded that the law of Illinois applies and therefore it denied the motion for summary judgment, ordered Keebler Co. to answer the third-party complaint, and ordered the completion of discovery. This appeal followed.[3]

II

Pursuant to 28 U.S.C. § 1291, the courts of appeals are vested with "jurisdiction of appeals from all final decisions of the district courts ... except where a direct review may be had in the Supreme Court." This language has consistently been interpreted to indicate that the courts of appeals would ordinarily exercise jurisdiction only when there has been "a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"[4] *Coo-*

---

1. Brenda Freeman, wife of Larry Freeman, is a co-plaintiff suing for loss of consortium.

2. The parties to the original action have stipulated that the cause of action will be tried under Illinois law. In consideration of the strong federal policy against collusion and forum shopping, *Kramer v. Caribbean Mills*, 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969), we do not believe that this stipulation, by itself, necessarily governs the choice of law as to the third-party complaint.

3. Appellant moved in this Court for stay of the district court trial. Because of our disposition of this appeal, we deny appellant's motion.

4. This interpretation "emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that

pers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945).

■ However, pursuant to section 1291, it is recognized that there are "collateral orders" that have aspects of finality and are appealable even though they do not end the main litigation. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To qualify as such a collateral order the order must conclusively determine claims of right, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand v. Livesay, 437 U.S. at 468, 98 S.Ct. at 2457; Firestone Tire & Rubber Co. v. Risjord, 449 U.S. at 375, 101 S.Ct. at 674. See Abney v. United States, 431 U.S. 651, 658, 97 S.Ct. 2034, 2039, 52 L.Ed.2d 651 (1977). Because the litigation from which the instant appeal arises has not reached final judgment, the district court's order denying appellant's motion for summary judgment based on a conflict of laws determination is appealable under section 1291 only if it falls within the collateral order doctrine.

### III

■ Appellant, the third-party defendant, contends that we have jurisdiction to decide this appeal under 28 U.S.C. § 1291 and the collateral order doctrine. Appellant's rationale is that the effect of the district court's denial of its motion for summary judgment was to deny it the benefits of its rights under the Georgia Worker's Compensation Statute, Georgia Code § 114–103, not only to be immune from liability to indemnify but also to the right to an absolute immunity from suit, which, it argues, is an essential corollary to the indemnification immunity.[5] Since the district court's order would require it to further defend the action, appellant argues it would thus have irretrievably lost a substantial portion of the Georgia statutory immunity no matter what the final outcome of the trial on the merits was and consequently, the district court's order is appealable under the collateral order doctrine because the district court, in denying its motion for summary judgment, has conclusively determined the disputed question and resolved the important issue completely separate and too independent of the merits of the underlying tort action to require this court to defer its appellate review until the whole case is adjudicated.

After careful review of appellant's arguments we believe that the criteria of the collateral order doctrine have not been satisfied and therefore we dismiss the appeal.[6]

### IV

■ Assuming arguendo that the Georgia statute is applicable, we do not believe appellant has a claim of right under the statute to an immunity from suit. Appellant fails to appreciate the distinction between an immunity from liability to indemnify and an immunity from suit. Appellant does not cite any case that holds that the

occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of 'avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment.' The rule also serves the important purpose of promoting efficient judicial administration." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981) (citations omitted).

5. Appellant also contends that even if Illinois law applies, it is entitled to an immunity from suit and indemnification and thus to a summary judgment. See note 6, infra.

6. We dismiss this appeal for failing to meet the finality requirement embodied in the jurisdictional statute, 28 U.S.C. § 1291, supra. Since we lack jurisdiction, we cannot and we will not deal with appellant's other arguments pertaining to the merits of its conflict of laws analysis and the alleged underlying liabilities of the parties. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. at 379, 101 S.Ct. at 676.

Georgia statute grants it the asserted "freedom from the burden of defending the suit." To the contrary, our review indicates that employers in appellant's position are regularly put through the burden of a trial and an appeal. The only right recognized by the courts is the right not to indemnify, rather than the immunity of employers from suit. *Georgia State Telephone Co. v. Scarboro*, 148 Ga.App. 390, 251 S.E.2d 309 (1978); *Coleman v. General Motors Corp.*, 386 F.Supp. 87 (N.D.Ga.1974); *Georgia Power Co. v. Diamond*, 130 Ga.App. 268, 202 S.E.2d 704 (1973); *Central of G. R. Co. v. Lester*, 118 Ga.App. 794, 165 S.E.2d 587 (1968); *Williams Bros. Lumber Co. v. Meisel*, 85 Ga.App. 72, 68 S.E.2d 384 (1951).

Even in the case where it was clear that this same Georgia Act applied, and that the Act sought to protect parties from the burden of trial by providing an exclusive remedy which can be afforded only by the Georgia Compensation Board, the Supreme Court held that an Alabama State Court has the constitutional power to award damages under the Georgia statute, irrespective of the exclusive remedy provision of the state statute. *Crider v. Zurich Ins. Co.*, 380 U.S. 39, 85 S.Ct. 769, 13 L.Ed.2d 641 (1965). Accordingly, we hold that appellant has not overcome the threshold prerequisite to the application of the collateral order doctrine to this suit by showing a "claim of right" to an immunity from suit. *Hampton v. City of Chicago*, 643 F.2d 478 (7th Cir. 1981).

■ As to appellant's contention that the denial of its motion for summary judgment should be presently appealable as it constituted a denial of a "claim of right" founded on the statutory immunity from indemnification, the obvious reply is that denials of summary judgment are interlocutory decrees, not appealable, irrespective of the burden of having to go to trial.[7] *Pacific U. Conference, Etc. v. Marshall*, 434 U.S. 1305, 98 S.Ct. 2, 54 L.Ed.2d 17 (1977); *United States v. Florian*, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105, *reh. denied*, 312 U.S. 715, 61 S.Ct. 738, 85 L.Ed. 1145 (1941). There is nothing peculiar in the asserted "claim of right" as compared to every other right where the denial of summary judgment is not appealable.[8] Appellant's assertion of the applicability of the Georgia statute is nothing more than an assertion of an affirmative defense whose denial is also not appealable.[9] *Smith v. Benedict*, 279 F.2d 211 (7th Cir. 1960); *County of Hennepin v. Aetna Cas. & Sur. Co.*, 587 F.2d 945 (8th Cir. 1978).

An additional strong argument against entertaining the present appeal is that the district court's order may be rendered moot by the subsequent course of the litigation, since the "third-party action against [appellant] is only in a non-moot status if judgment is obtained against [the defendant] who then must prove its right either to indemnity or contribution." *Allegheny Airlines, Inc. v. LeMay*, 448 F.2d at 1343; *Minnesota v. Pickands Mather & Co.*, 636 F.2d 251 (8th Cir. 1980).

---

7. As the Supreme Court has stated "the potential harm that might be caused by requiring that a party await final judgment before it may appeal even when the denial of its ... motion was erroneous does not 'diffe[r] in any significant way from the harm resulting from other interlocutory orders that may be erroneous ....' But interlocutory orders are not appealable 'on the mere ground that they may be erroneous.' Permitting wholesale appeals on that ground not only would constitute an unjustified waste of scarce judicial resources, but also would transform the limited exception carved out in *Cohen* into a license for broad disregard of the finality rule imposed by Congress in § 1291." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. at 378, 101 S.Ct. at 676 (citations omitted).

8. Examples are the assertion that a party is not an employer within the scope of Title VII, and whether there is an implied right of action under a statute.

9. Also where a party alleges that the third-party complaint should be dismissed for failure to state a claim, it is clear that appellate courts lack jurisdiction over an appellant's claim that the district court erred in refusing or in granting the motion to dismiss. *Abney v. United States*, 431 U.S. at 663, 97 S.Ct. at 2042; *Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341 (7th Cir.), *cert. denied*, 404 U.S. 1001, 92 S.Ct. 565, 30 L.Ed.2d 553 (1971).

V

It is clear that federal law expresses strong policy against piecemeal appeals. *Switzerland Cheese Assoc. v. Horne's Market*, 385 U.S. 23, 24, 87 S.Ct. 193, 194, 17 L.Ed.2d 23 (1966). Were we to hold appealable the denial of summary judgment, "we would condone a practice whereby a district court in virtually any case before it might render an interlocutory decision on the question of liability of [a party], and the [party] would thereupon be permitted to appeal to the court of appeals without satisfying any of the requirements that Congress carefully set forth. We believe that Congress, in enacting present §§ 1291 and 1292 of Title 28, has been well aware of the dangers of an overly rigid insistence upon a 'final decision' for appeal in every case, and has in those sections made ample provision for appeal of orders which are not 'final' so as to alleviate any possible hardship. We would twist the fabric of the statute more than it will bear if we were to agree that the District Court's order ... was appealable ...." *Liberty Mut. v. Wetzel*, 424 U.S. 737, 745–46, 96 S.Ct. 1202, 1207, 47 L.Ed.2d 435 (1976).

Applying the collateral order doctrine analysis to the district court's order denying appellant's motion for summa-ry judgment, based on a conflict of laws determination, we hold that first, such an order is interlocutory without res judicata effect and is thus subject to revision by the district court.[10]  *Id.* at 743, 96 S.Ct. at 1206; *Kirby v. Mallory,* 489 F.2d 904, 913 (7th Cir. 1973), *cert. denied,* 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974); *Stewart v. United States,* 186 F.2d 627, 634 (7th Cir.), *cert. denied,* 341 U.S. 940, 71 S.Ct. 1000, 95 L.Ed. 1367 (1951). Second, the conflict of laws determination involves considerations that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." [11]  *Mercantile Nat. Bank v. Langdeau,* 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963). Finally, the order denying the motion for summary judgment, the making of a conflict of laws determination, and the holding that an asserted immunity from indemnification is inapplicable, is subject to effective review after final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. at 469, 98 S.Ct. at 2458. Thus the district court's order does not determine claims of right separable from, and collateral to, rights asserted in the action. Neither is the order too important to be denied review,[12] nor too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.[13]  *Cohen v. Beneficial Industrial*

10. Fed.Rule Civ.Proc. 54(b) states that "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

11. "[A]llowing appeals of right from nonfinal orders that turn on the facts of a particular case thrusts appellate courts indiscriminately into the trial process and thus defeats one vital purpose of the final judgment rule—'that of maintaining the appropriate relationship be-

tween the respective courts. ... This goal, in the absence of most compelling reasons to the contrary, is very much worth preserving.'" *Coopers & Lybrand v. Livesay,* 437 U.S. at 476, 98 S.Ct. at 2462 (citation omitted).

12. *See* text immediately following n.9, *supra.*

13. Appellant merely filed a notice of appeal pursuant to 28 U.S.C. § 1291. It did not request, as a first step, the district court to certify its order for interlocutory review under section 1292(b), which provides in relevant part:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order....

*Loan Corp.*, 337 U.S. at 546, 69 S.Ct. at 1225.

## VI

For the foregoing reasons the appeal is dismissed for lack of jurisdiction.[14]

It is clear from our analysis that section 1292(b) would have been of no avail to appellant since, if called upon, we would have refused to exercise our discretion to permit the appeal, *Kraus v. Bd. of County Road Commissioners*, 364 F.2d 919 (6th Cir. 1966), because appellant has made no colorable claim that the harm it might suffer if forced to await the final outcome of the litigation before appealing the denial of its summary judgment motion, which was based on conflict of laws determination, is any greater than the harm suffered by any litigant forced to wait until termination of the trial before challenging interlocutory orders it considers erroneous. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. at 379 n.13, 101 S.Ct. at 676 n.13.

14. Appellant filed a motion in this court and in the district court to disqualify the third-party defendant's counsel. The district court has not yet ruled on appellant's motion. For obvious reasons we will not consider appellant's motion. *See Firestone Tire & Rubber Co. v. Risjord, supra.*