71564, 71565. PRITCHETT v. ANDING et al. (two cases).
(338 SE2d 503)

BANKE, Chief Judge.

The appellees sued to recover damages for certain alleged defects in a house constructed and sold to them by the appellant. This is the second appearance of the case before this court. In *Pritchett v. Anding*, 168 Ga. App. 658 (310 SE2d 267) (1983), we reversed a judgment entered on a jury verdict for the appellees in the amount of $36,250, based on the trial court's failure to charge the jury on comparative negligence. A retrial of the case resulted in a jury verdict for the appellees in the amount of $45,500. Two separate appeals are currently before us, one from the judgment entered on this verdict and the other from the denial of the appellant's extraordinary motion for new trial, filed several months after entry of the judgment.

The appellees testified that they had noticed some wet spots on the basement wall prior to purchasing the house and that, when asked about this, the appellant had "assured us that there was nothing to worry about, that the workers had urinated on the walls." Nevertheless, the appellees sought and obtained from the appellant, prior to closing, a written, 2-year guarantee of a dry basement. There was testimony that extensive water damage occurred subsequent to the closing, caused by underground "wet water" springs; and a neighbor who lived across the street stated that she had observed a stream running through the basement of the house while it was under construction.

A builder called as a witness by the appellees testified that the outside of the house could be repaired for $11,921 and the inside for $29,000 but stated that the work would take two to three months and could not be done with someone living in the house. He characterized these as conservative estimates and on cross-examination explained in detail the costs for labor and materials included therein. *Held*:

1. The measure of damages in an action against a builder for defective construction is the difference between the value of the structure at the time of delivery and what its value would have been absent the defects, and this difference may be shown by evidence of the reasonable cost of correcting the defects. See *Kuhlke Constr. Co. v. Mobley, Inc.*, 159 Ga. App. 777 (2), 780 (285 SE2d 236) (1981); *Reid v. Minter*, 137 Ga. App. 799, 800 (224 SE2d 849) (1976). We reject the

appellant's contention that the evidence in this case was insufficient to support such an award.

2. As held in the previous appearance of this case, the evidence authorized an inference of passive concealment by the appellant builder of known construction defects. See *Pritchett v. Anding*, supra, 168 Ga. App. at 659-660. It follows that the trial court did not err in charging the jury on fraud. See generally *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977). Moreover, the charge on fraud would not require reversal even if in error, because the appellant failed to object to it. See generally OCGA § 5-5-24 (a); *Jackson v. Rodriguez*, 173 Ga. App. 211, 214 (325 SE2d 857) (1984).

3. The appellant's contention that the charge on fraud was unduly emphasized is similarly without merit. The trial court recharged the jury on fraud in response to the jury's request for such a recharge during the course of its deliberations and further instructed them as follows: "In giving you these instructions, I might inform all of you, ladies and gentlemen, that there may be some repetition, but such repetition that does occur occurs for the purpose of clarity and not for emphasis." There was no objection to the recharge, nor could there be a valid objection to the court's performance of its duty of recharging the jury on a point of law where the jury requests it. See *Glover v. Grogan*, 162 Ga. App. 768 (1) (292 SE2d 465) (1982).

4. The appellant contends that the trial court erred in failing to give its requested charge, pursuant to *State Hwy. Dept. v. Andrus*, 212 Ga. 737, 739 (95 SE2d 781) (1956), that any information gained by them from their view of the premises, which they had visited during the course of the trial, could not be considered by them as evidence but could only be used in weighing the evidence presented in court. An examination of the transcript, however, reveals that the trial court did in fact give such a charge. Consequently, this enumeration of error is also without merit.

5. The appellant contends that the trial court erred in failing to give his requested charge on the duty of one injured by the breach of a contract to use ordinary care and diligence to lessen his damages as far as practicable. However, the request to charge in question was not submitted by the appellant but by the appellees. Consequently, this enumeration of error presents nothing for review. See generally OCGA § 5-5-24 (b); *Herring v. McLemore*, 248 Ga. 808, 809 (3) (286 SE2d 425) (1982).

6. The appellant contends that the trial court erred in allowing the appellees' original complaint to go out with the jury, along with a recast version of the complaint which the appellees had filed during the hiatus between the two trials. "It is never error to send out the pleadings with the jury where the court fully explains the purpose of the pleadings and that they are not evidence. (Cits.)" *Hosp. Auth. of*

*Walker &c. Counties v. Smith*, 142 Ga. App. 284, 288 (7) (235 SE2d 562) (1977). As such instructions were given in this case, this enumeration of error is also without merit.

7. The appeal from the denial of the extraordinary motion for new trial is dismissed, there having been no application for such an appeal, as required by OCGA § 5-6-35 (a) (7).

*Judgment affirmed in Case No. 71564. Appeal dismissed in Case No. 71565. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1985.

*John L. Coney*, for appellant (case no. 71564).
*Gerald P. Word, T. Michael Flinn*, for appellees.
*Jimmy W. Jones, Jeffrey D. Hamby*, for appellant (case no. 71565).
*Gerald P. Word, Michael G. Kam*, for appellees.

