72989. JENKINS v. THE STATE.
(349 SE2d 774)

DEEN, Presiding Judge.

Appellee Lawler, acting in his capacity as District Attorney of Gwinnett County and at the Grand Jury's request, brought a civil action against appellant Jenkins, alleging that the latter had abandoned the position of Solicitor of the State Court of Gwinnett County by ceasing to perform the duties statutorily prescribed for that office, and that, as a consequence, the office should be declared vacant. Testimony by current and former employees, as well as by others (including one of the judges of Gwinnett County State Court), indicated that Jenkins had made a habit of coming to his office only part-time and on no regular schedule; that when he did appear at the office he would neither work on cases nor provide guidance to his staff, but chose instead to spend his time smoking, drinking coffee, and working crossword puzzles; and that he had tried few if any cases and had flatly refused to appear in the courtroom of a particular judge.

The defense contended that Jenkins had neither "abandoned" nor "ceased to perform the duties of" his office, and that the District Attorney needed to prove an affirmative and total relinquishment of the office in order to win his case. A jury rendered a verdict against Jenkins, and he appeals, enumerating as error the court's denying his motions for continuance and for directed verdict; the court's permitting plaintiff to amend his complaint after entry of the pretrial order and to introduce evidence of conduct during Jenkins' first term of office; and the giving of certain jury instructions and refusal to give certain others. *Held*:

1. "All applications for continuances are addressed to the sound legal discretion of the court and . . . shall be granted or refused as the ends of justice may require." OCGA § 9-10-167 (a). Absent a showing of abuse, the court's discretion in granting or denying a continuance will not be disturbed. *Clark v. State*, 159 Ga. App. 438 (283 SE2d 666) (1981). "When a pleading is amended, if the opposite party makes oath or his counsel states in his place that he is surprised and not fully prepared for trial because of the amendment, . . . and that surprise is not claimed for the purpose of delay, the case *may* be continued. . . ." (Emphasis supplied.) OCGA § 9-10-158. Where the opposite party has actual notice of the facts set forth in the amendment previous to its actually being filed, however, a continuance on the ground of surprise is properly denied. *Southern Bell Tel. &c. Co. v. Jordan*, 87 Ga. 69 (13 SE 202) (1891). Moreover, where the party does not show that he has suffered any harm resulting from the denial of his motion for continuance, his assignment of error to this ruling of the trial court is without merit. *McFarland v. Hodge Homebuilders*, 168 Ga. App. 733 (309 SE2d 853) (1983).

In the instant case appellee's amendment to his complaint and the trial order were filed shortly before commencement of the trial; the record shows, however, that for some time prior to the actual filing, appellant had had actual knowledge that the amendment was forthcoming and that it would provide for the introduction of evidence pertaining to appellant's conduct subsequent to the filing of the action below. On September 17, 1985, one day after the date originally set for trial, the court below granted appellant's motion for a continuance on medical grounds. On October 3 appellee sought and received leave to amend the complaint; on October 15 he filed a motion to set a new date for trial, on the ground that appellant had then been out of the hospital for two and one-half weeks. On October 21 appellant filed a motion opposing the setting of a trial date. At the hearing on the motion held on November 1, appellant moved for a continuance, alleging that he had not been informed until October 24 that appellee had been given leave to amend, and that he needed additional time to prepare his case. The trial was set for November 18, however, and appellant's counsel thereafter notified the court that he had other trials set and that it would therefore be necessary to postpone the trial in the instant action until December 9. On November 14 defense counsel moved for disqualification of all jurors on the ground that they had possibly overheard remarks prejudicial to appellant while on the courthouse premises; on November 18, the date set for trial, the court heard argument on the defense's motion for continuance. It was not until November 21 that the trial actually began. Since the foregoing chronology demonstrates that appellant had received a series of *de facto* "continuances" from September 17 until November 21, it is difficult to conclude that he was prejudiced by the court's denial of his November 1 motion for continuance. Moreover, under OCGA § 9-11-158, supra, and related case law, it is at best doubtful that he was entitled to a continuance (except perhaps on medical grounds) in the first place. This enumeration is without merit.

2. "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party. Leave shall be freely given when justice so requires." OCGA § 9-11-15. Georgia's courts have always been liberal in their construction of this provision. See, e.g., *Cooper v. Mason*, 151 Ga. App. 793 (261 SE2d 738) (1979); *McRae v. Britton*, 144 Ga. App. 340 (240 SE2d 904) (1977). In the instant case appellee properly sought leave to amend pursuant to OCGA § 9-11-15, supra, and the trial court acted within its statutory authority in granting leave. The amendment was germane to the cause of action. *McRae v. Britton*, supra; in fact, as appellee points out, the amend-

ment was foreshadowed in the original complaint. Appellant knew well in advance of trial the contents of the amendment, and he has demonstrated no prejudice ensuing therefrom. *MCG Dev. Corp. v. Bick Realty Co.*, 140 Ga. App. 41 (230 SE2d 26) (1976). This enumeration has no merit.

3. Introduction of evidence regarding appellant's conduct during his prior term of office was relevant to the issues in the instant case, both in establishing the background against which the challenged conduct must necessarily be viewed by the trier of fact, and in demonstrating a progressive worsening of the situation in the Solicitor's office with respect to reduction of the backlog of pending cases and the preparation of cases for trial. Moreover, the record shows that appellant himself, while testifying, made continual reference to events occurring during the prior term. The evidence adduced by appellee fell well within the generally recognized parameters of competency, relevancy, and admissibility. See generally OCGA §§ 24-1-1 (1), (3), (4), (7); 24-2-1; 24-2-2. This enumeration is without merit.

4. A motion for a directed verdict is authorized only when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). In the instant case the evidence fell far short of demanding a verdict for the defendant (appellant here); therefore, the trial court properly denied the motion, and this enumeration is also without merit.

5. We have thoroughly reviewed, in the light of the evidence, all requests for jury charges, whether given at trial or not, as well as all jury charges actually given. We conclude that the trial court acted properly both in giving a certain charge, even over objection, and in declining to give another. Neither appellant's fifth nor his sixth enumeration of error is meritorious.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED SEPTEMBER 30, 1986 —
REHEARING DENIED OCTOBER 20, 1986

*David R. Hege, Sam G. Dickson*, for appellant.
*Thomas C. Lawler III, District Attorney*, for appellee.