73946. COX v. CANTRELL.
(353 SE2d 582)

DEEN, Presiding Judge.

Appellee Karen Mitchell Cantrell was injured when her automobile was struck by a vehicle, driven by appellant Harry J. Cox, which crossed over the centerline into oncoming traffic. Evidence showed that Cantrell suffered a head injury which caused her to be out of work for two and a half months and necessitated a regimen of physical therapy, muscle relaxants, anti-inflammatory drugs and other medication, and heat treatments for pain. Unrebutted medical testimony was that Cantrell's condition was chronic or ongoing, having persisted since February 23, 1983, the date of the collision, and that it was quite likely that she would continue to have "intermittent episodes of pain and muscle spasms and discomfort." Because of this pain her normal, everyday activities were limited.

The jury returned a verdict on March 19, 1986, in favor of Cantrell in the amount of $30,000. Judgment was rendered accordingly, and on April 17, 1986, Cox moved for a new trial. After finding that defense counsel had twice failed to appear for scheduled hearings on the motion for new trial, on September 18, 1986, the motion was dismissed by the trial court. On October 10, 1986, defense counsel filed a motion for reconsideration of his motions for new trial and to set aside the order of September 18. The motion was denied, and this appeal followed.

1. After being granted continuances on two occasions when a hearing on the motion for new trial had been set and opposing counsel was present and ready to appear in court, defense counsel again failed to appear at the third scheduled hearing until well past the appointed time and after regular court hours. No letters of conflict were filed with the court in regard to the scheduled hearings. "It is well established that all continuances for which express provision has not been made are granted or denied in the discretion of the trial court, and this court will not reverse such decisions absent a clear abuse of discretion. [Cits.] . . . Our review of the record reveals that . . . the trial court found there was insufficient legal justification to grant [another] continuance. In the absence of . . . [a] showing by appellant that the trial court abused its discretion by denying the motion, we will not reverse the decision. [Cits.]" *Payton v. Green*, 179 Ga. App. 438, 439-40 (2) (346 SE2d 884) (1986). Accord *Jenkins v. State*, 180 Ga. App. 583 (1) (349 SE2d 774) (1986).

2. Appellant contends that the trial court erred in admitting into evidence over objection a mortality table and in charging the jury on permanent injury, because there was no evidence that Ms. Cantrell suffered a permanent injury. On the contrary, however, Ms. Cantrell's physician testified that she was treated for cervical strain caused by an initial head injury incurred in the automobile collision which caused chronic or ongoing pain and muscle spasm; that she needed to be on constant physical therapy and medication; and that she would "for a very long time, if not for a permanent condition, have intermittent episodes of pain and hopefully intermittent episodes of complete remission." The doctor further testified that in the cases of cervical strain which he had seen, "if they are going to resolve, they usually do resolve within several months period of time." Based on what he had seen, he prognosticated that Ms. Cantrell would continue to "have intermittent episodes of pain and muscle spasm and discomfort."

OCGA § 24-4-45 specifically allows mortality tables to be used by the jury to determine damages in cases involving permanent injuries. "The fact that injuries which occurred several years prior to the trial are still disabling in character is itself sufficient to authorize a jury to find that such injuries are permanent. [Cit.]" *Atlanta Transit System v. Biggs*, 133 Ga. App. 960, 962 (2) (213 SE2d 87) (1975). Ms. Cantrell was injured on February 28, 1983, and at the time of trial on March 19, 1986, was still disabled from performing some normal, everyday functions. The court limited any damages awarded to future pain and suffering. We find no merit in this enumeration of error.

3. Appellant's assertion that a new trial is warranted because the trial court allowed the pleadings to go out with the jury is likewise without merit. The trial court instructed the jury that the pleadings did not constitute evidence or proof of what they said, but were

merely the parties' claims. " 'It is never error to send out the pleadings with the jury where the court fully explains the purpose of the pleadings and that they are not evidence. (Cits.)' [Cit.]" *Pritchett v. Anding*, 177 Ga. App. 34, 35 (6) (338 SE2d 503) (1985).

4. Appellant objected to the trial court's failure to give his requested charges on "the magnification and exaggeration of damages," but stated no grounds for the objection. Such an objection is insufficient to apprise the court of the corrections needed to cure the alleged error or to satisfy the requirements of OCGA § 5-5-24 (a). *Green v. Dillard*, 176 Ga. App. 574 (2) (337 SE2d 55) (1985). Nor, since adequate instructions were given concerning the credibility of witnesses, was the failure to charge as requested harmful as a matter of law so as to require reversal under OCGA § 5-5-24 (c). Cf. *Hamrick v. Wood*, 175 Ga. App. 67 (2) (332 SE2d 367) (1985).

5. Appellant's requested jury instructions on accident were not justified by the evidence. He was charged with crossing the centerline in violation of OCGA § 40-46-40 (a) at the time he hit Ms. Cantrell's automobile head-on, and pled guilty and was sentenced therefor in recorder's court. A violation of the Uniform Rules of the Road prima facie establishes negligence per se in the absence of a valid defense. *Johnson v. McAfee*, 151 Ga. App. 774 (2) (261 SE2d 708) (1979). "[T]he burden then shifts to the defendant to show that the violation was unintentional and in the exercise of ordinary care. [Cits.]" *Williams v. Calhoun*, 175 Ga. App. 332, 333-34 (333 SE2d 408) (1985).

Appellant denied any negligence or fault on his part, or that he was the proximate cause of the collision. The evidence showed that he was driving downhill around a curve to his right on the inside lane before he crossed the centerline. The police estimated appellant's speed at about 25 m.p.h. and Ms. Cantrell's at 20 m.p.h. It was raining and the streets were wet. Neither driver was found to have been drinking. However, appellant did not allege or show that his failure to drive in the proper lane was in the exercise of ordinary care or that it arose from an unforeseen or unexplained cause. See, e.g., *Wilhite v. Tripp*, 179 Ga. App. 428 (346 SE2d 586) (1986) (state patrol car parked on the edge of the road); *Williams v. Calhoun*, 175 Ga. App. 332, supra (car skidded on wet pavement). He simply drove over the centerline and collided with Cantrell's automobile. Thus there was no evidence that the proximate cause of Cantrell's injuries was anything other than appellant's negligence. "Where the injury could have been caused only by the negligence of [the defendant], a charge on accident is error. [Cit.]" *Guthrie v. Boose*, 134 Ga. App. 282, 286 (213 SE2d 924) (1975). "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as

thus defined, a charge on that defense is error. [Cits.]" *Chadwick v. Miller*, 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983).

"[U]nder the facts of the case *sub judice*, the trial court was correct both in giving a jury instruction to the effect that [one who violates the rules of the road while using the public highways is negligent as a matter of law, but must be the proximate cause or contribute to the injury complained of by the plaintiff], and in refusing to instruct the jury on legal accident. . . . It is well settled that violation of a statute, including those regulating traffic, is negligence *per se*. [Cits.] As to the propriety of a jury instruction on legal accident, this court's decision in *Chadwick v. Miller*, [supra,] sets forth a definition of legal accident which clearly excludes fact situations such as that in the instant case. An instruction on legal accident would have been improper under the facts of the case at bar, and [this enumeration] is without merit." *White v. Cline*, 174 Ga. App. 448, 449-50 (2, 3) (330 SE2d 386) (1985).

6. Appellant also protests the trial court's refusal to give his requested charge on nominal damages being awarded "if the injury is small or the mitigating circumstances are strong." OCGA § 51-12-4. Not only did the evidence not justify the charge (see *U-Haul of Western Ga. v. Ford*, 171 Ga. App. 744 (6) (320 SE2d 868) (1984)); "this court has held that a new trial will not be ordered simply to . . . present a question for the jury as to nominal damages. [Cits.]" *Hodsdon v. Whitworth*, 173 Ga. App. 863, 864 (1) (328 SE2d 753) (1985).

7. Appellant complains that the verdict of $30,000 in damages was excessive and showed undue bias and prejudice. This court has consistently observed "that with reference to actions in a superior court tried upon the facts before a jury, even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the jury were authorized by the evidence, such findings will not be set aside. [Cits.] Where the trial judge approves the verdict, the sole question for determination is whether there is any evidence to authorize it, not with a consideration with a view toward upsetting it. [Cit.] We find that necessary quantum and quality of evidence in this case. Likewise, questions concerning the amount of damages to be awarded for pain and suffering, past, present and future are for the enlightened conscience of the jurors. [Cits.] We decline to substitute our judgment based upon a cold record for that of enlightened jurors who heard the evidence and saw the witnesses." *Southern R. Co. v. Oliver*, 177 Ga. App. 729, 733-34 (5) (341 SE2d 270) (1986). Accord *McKinney & Co. v. Lawson*, 180 Ga. App. 550 (3) (349 SE2d 763) (1986); *Walkley v. Dukes*, 175 Ga. App. 820 (334 SE2d 868) (1985). We find no grounds for reversal.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

726

*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.
*B. Randall Blackwood, Kathryn R. Murray,* for appellee.