75449. J. R. MABBETT & SON, INC. v. RIPLEY et al.
(365 SE2d 155)

McMURRAY, Presiding Judge.

Appellee Julius Howard Ripley sued appellant J. R. Mabbett & Son, Inc. (Mabbett) for injuries received in a fall from the top of a tanker trailer truck owned by Mabbett; his wife sought damages for loss of consortium. The jury found for Mr. Ripley in the amount of $55,000 in actual damages, and $10,000 for Mrs. Ripley. Judgment was entered on the verdict and Mabbett appeals from the denial of its

motion for judgment notwithstanding the verdict or, in the alternative, for new trial. *Held*:

1. The evidence, construed most strongly in support of the verdict and judgment, was as follows. Mabbett is a trucking firm that hauls fuel and other petroleum products to various customers in its tanker trailer trucks. Ripley was employed by General Motors Corporation (General Motors), a customer of Mabbett's. Mabbett delivered fuel and petroleum products to General Motors three or four times a week, using tanker trailer #208 which was over five years old. It was the duty of Mabbett and its employees to inspect, maintain and repair trailer #208. To comply with Occupational Safety and Health Administration (OSHA) requirements and for general safety reasons, the top of trailer #208 was coated with a non-skid deck tread to be used as a walkway for the persons who had to seal, inspect and open the compartment lids located there.

At the origin of a shipment of products to General Motors, a Mabbett employee would walk along the top of trailer #208 with a one gallon can of petroleum based additive and pour it into the compartments. Upon delivery of a shipment at General Motors, it was the duty of a General Motors' employee to walk along the top of trailer #208 and check and open the compartment seals. Over a period of time, General Motors' employees had complained to Mabbett's drivers on a number of occasions about the poor condition of trailer #208. The ladder to the top of the truck was in disrepair, the deck tread on the walkway was worn bare in spots and was sometimes slippery, and there were foreign substances on the walkway that were not always visible until stepped in. The general condition of trailer #208 was poor in comparison with trailers from other haulers making deliveries to General Motors. When trailer #208 was not in use it was left parked in an uncovered parking area, and remained at all times in the care and control of Mabbett employees.

At approximately 4:30 on the morning of April 19, 1983, trailer #208 arrived at General Motors with a delivery of fuel. The walkway on top was not inspected by the Mabbett driver upon arrival. Ripley performed his usual duties upon delivery, climbing up the ladder to the top of trailer #208, walking along the walkway to the front to check the seals and open the valve covers. Ripley had a reputation of performing his job duties in a safe manner, and wore work gloves, safety glasses and safety shoes with special non-skid soles. As he was returning from the front of the trailer to the ladder at the rear, which was the only way to get off the trailer, he stepped on a spot where the non-skid deck tread had been worn bare to the metal. He did not see any foreign substance prior to stepping on the bare spot, but when he stepped on it he recognized it from his many years of experience as being an oily, petroleum based product. Ripley's feet shot out from

underneath him, and having nothing to grab onto to keep from going over the side, he fell twelve feet to the concrete below, suffering broken bones and other traumatic injuries.

Appellant's contention that it was entitled to judgment as a matter of law is based upon the unwarranted premise that this is simply a slip and fall case, where in order to recover the plaintiff must affirmatively establish that the defendant had actual or constructive knowledge of the condition or circumstances causing the fall and the plaintiff had no such actual or constructive knowledge. See, e.g., *Alterman Properties v. Witherspoon*, 183 Ga. App. 465, 468 (2) (359 SE2d 223) (1987). Such cases are analogous only because Ripley was an invitee on trailer #208 at the time he was injured and thus Mabbett owed him a duty to exercise ordinary care to keep the "premises" safe and/or to warn him of any hidden dangers or defects. However, Mabbett had a common law duty to maintain, inspect, repair and keep its trailer trucks in safe operating condition and the failure to do so would constitute negligence on its part. See *N. L. Indus. v. Madison*, 176 Ga. App. 451 (1) (336 SE2d 574) (1985).

Mabbett also had a duty under both state and federal statutes to maintain its vehicles in safe condition at all times. OCGA § 46-7-68 (1). "Every motor carrier shall systematically inspect, repair and maintain, or cause to be systematically inspected, repaired, and maintained, all motor vehicles subject to its control." Federal Motor Carrier Safety Regulations, 49 CFR, Ch. III, § 396.3 (10-1-86 ed.) Under OCGA § 46-7-78, failure to comply with the provisions governing motor common carriers constitutes a misdemeanor. "It is well settled that violation of a statute . . . is negligence *per se*. [Cits.]" *White v. Cline*, 174 Ga. App. 448, 449 (2, 3) (330 SE2d 386) (1985); *Cox v. Cantrell*, 181 Ga. App. 722, 724 (5), 725 (353 SE2d 582) (1987). Clearly Mabbett owed a duty to Ripley, who was required by his job to use the walkway on top of trailer #208, to use reasonable care in inspecting the trailer and to keep it in such condition as to be used with reasonable safety. See *Atlanta & West Point R. Co. v. Creel*, 77 Ga. App. 77, 80 (1) (47 SE2d 762) (1948).

*Trailmobile v. Smith*, 181 Ga. App. 134 (351 SE2d 528) (1986) is likewise inapposite, and it was a products liability case alleging negligent design of or manufacturing defect in a tanker trailer truck. The plaintiff, in that case, was the driver of the tanker trailer and the person who was in control of its inspection, operation and maintenance. Thus, there was no duty to inspect, maintain, repair or keep the truck in safe operating condition owed by the defendant to the plaintiff in that case; nor was there any issue of the defendant's negligence in keeping the walkway properly repaired or evidence that it was in disrepair. Inasmuch as no actionable design or defect was shown, this court did not consider whether OSHA standards were ad-

missible to prove a design defect.

Here, however, there was ample evidence that Mabbett, which was in sole control of the care and repair of trailer #208, was negligent in permitting the deck tread required for safety reasons to become and remain worn in an environment where the tread was sometimes exposed to slippery substances. The appellee Mr. Ripley had no control over the inspection, operation or maintenance of Mabbett's truck and had the right to expect that Mabbett would fulfill its common law and statutory duty to keep the truck in safe repair. Ripley had no choice as to whether he would go to the top of trailer #208 as this was a necessary consequence of his employment, and had no safer alternative for performing his duties than to use the walkway. On April 19, 1983, Ripley had no way of ascertaining the condition of the deck tread before going on top of the trailer, and no knowledge of the specific defect, to wit, the worn bare spot on the tread covered with an oily substance, until he stepped on it and fell.

"The issues presented to the jury were whether [Mabbett] had or should have had requisite knowledge of the defective condition of the [deck tread] and whether [it was] negligent in inspecting and maintaining [trailer #208]. The evidence enunciated above was sufficient for the trial court to properly place the issues before the jury with proper instructions, and it was sufficient for the jury to have rendered a verdict favorable to [Ripley.] . . . On appeal, this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict, and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies. . . . We will not weigh the evidence and in fact are precluded from doing so . . . In considering the motions for directed verdict and for judgment n.o.v., this court must view the evidence in the light most favorable to the party who secured the jury verdict. . . . Applying the evidence enunciated above in this case, we find no error in the trial court's denial of [Mabbett's] motions for directed verdict and for judgment notwithstanding the verdict." *Wilson v. Pickels*, 181 Ga. App. 293, 294, 295 (352 SE2d 208) (1986). Accord *Harmon v. Cova*, 180 Ga. App. 805 (1) (350 SE2d 774) (1986).

2. Appellant complains that the trial court erroneously refused to give its requested charge on accident. The defense of accident is inapplicable in the case sub judice in view of the evidence of safety violations in that appellant had negligently permitted the deck tread on trailer #208 to become worn, and the inference that the presence of the oily substance on the walkway was caused by appellant's employee negligently pouring the petroleum additive prior to the delivery to General Motors. "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the

*absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.]" *Chadwick v. Miller,* 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983). Thus where there is a violation of a statute constituting negligence *per se,* an instruction on legal accident is improper. *Cox v. Cantrell,* 181 Ga. App. 722, 724 (5), 725, supra; *White v. Cline,* 174 Ga. App. 448, 449 (2, 3), supra.

3. Appellant asserts error in the trial court's denial of its motion to set off the workers' compensation benefits paid to Ripley by his employer, General Motors. There is "a right of set-off in the general sense that the parties to a suit are entitled to set-off 'mutual demands existing at the time of the commencement of the suit . . .' OCGA § 13-7-5. However, this type of set-off 'does not operate as a denial of the plaintiff's claim; rather it allows the defendant to set-off a debt owed him by the plaintiff against the claim of the plaintiff.' OCGA § 13-7-1. As such, it must be asserted as a counterclaim rather than a defense. [Cit.]" *National City Bank of Rome v. Busbin,* 175 Ga. App. 103, 105-06 (3) (332 SE2d 678) (1985). Appellant's motion for set-off was not asserted as a counterclaim alleging negligence on the part of General Motors, but was based upon Mabbett's purported right to "take advantage of" any payments General Motors, as a joint tortfeasor, had made "under the joint and several liability theory." Thus it appears that what appellant actually sought was some sort of contribution in the form of subtraction of the workers' compensation benefits paid by General Motors from any award of damages against Mabbett.

It is undisputed that General Motors was Ripley's "statutory employer" for workers' compensation purposes. It has been repeatedly held that OCGA § 34-9-11 grants an injured employee's employer statutory immunity from suit by the employee to recover damages other than workers' compensation benefits. Likewise, "such an employer cannot be a joint tortfeasor subject to contribution. [Cit.] Inasmuch as the right of contribution depends upon the status of joint tortfeasor, if the statutory employer is not as a matter of law a joint tortfeasor there cannot be a right of action by the injured employee or by another defendant against an employer as a contributor. [Cit.]" *Modlin v. Swift Textiles,* 180 Ga. App. 726, 731 (2) (350 SE2d 273) (1986). An employer who has been required to pay workers' compensation benefits to an injured employee cannot be considered as a joint tortfeasor "whether or not the employer's negligence combined with that of a third party to produce the employee's injuries. . . . [Cits.]" *Georgia Power Co. v. Diamond,* 130 Ga. App. 268, 269 (4) (202 SE2d 704) (1973). See also *Intex Prods. v. Roper Corp.,* 160 Ga. App. 579 (287 SE2d 610) (1981); *Georgia State Telephone Co. v. Scarboro,* 148

Ga. App. 390, 391 (1) (251 SE2d 309) (1978). The issue of General Motors' sole or joint negligence as the proximate cause of Ripley's injuries was neither presented to nor determined by the jury in this case. Therefore, appellant is barred as a matter of law from diminishing the amount of its liability as a wrongdoer by setting off the workers' compensation benefits paid to Ripley by General Motors. See generally *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 94, 95 (fn. 1) (303 SE2d 108) (1983); *Butler v. Super Valu Stores*, 633 FSupp. 1164 (N.D. Ga. 1986). It follows that appellant's motion was correctly denied.

*Judgment affirmed. Sognier and Beasley, JJ., concur in the judgment only.*

DECIDED JANUARY 22, 1988.

*John E. Hall, Jr., Michael G. Frick*, for appellant.
*Thomas H. Nickerson, David E. Tuszynski*, for appellees.